THE MIDDLETOWN AND PORTLAND BRIDGE COMPANY vs.
THE TOWN OF MIDDLETOWN.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 2331, provides that every bridge company (whose
   stock is not exempt from taxation) shall pay an annual tax of one
   per cent. upon the market value of each share of its capital stock;
   and that its real estate shall be assessed and taxed in the town in
   which it is situated.   The plaintiff is a bridge company and owns
   and maintains a bridge over the Connecticut River at Middletown
   which it constructed pursuant to its charter.   Held that the bridge
   structure, including its abutments, piers, spans, and other im-
   movable parts, was taxable not as "real estate" of the company,
   as adjudged by the trial court, but, indirectly, under the clause of
   the statute exacting a payment from the company measured by the
   market value of its capital stock.

Argued October 5th—decided November 11th, 1904.

ACTION in the nature of an appeal from the doings of the
board of relief of Middletown, brought to the Superior
Court in Middlesex County where a demurrer to the com-
plaint was sustained (*Shumway, J.*) and judgment rendered
for the defendant, from which the plaintiff appealed.  *Error
and judgment reversed.*

The plaintiff is a bridge company, and in pursuance of a
charter granted by the State has built and maintains a toll-
bridge across the Connecticut River connecting the town of
Middletown on the west side of the river with the town of
Portland on its east side.   The boundary line between Mid-
dletown and Portland is the high-water line on the Portland
side of the river.   The Middletown assessors made out a
list for the plaintiff company, and set in the list and assessed,
as real estate situated in Middletown, its " bridge property."
Upon appeal to the board of relief this assessment was in
part confirmed ; whereupon the plaintiff brought this action,
claiming the assessment to be illegal and praying for appro-
priate relief.   The defendant demurred to the complaint be-

cause "the said bridge property is real estate and is subject to taxation under § 2331 of the General Statutes of Connecticut." The only reason of appeal assigned is the alleged error of the trial court in sustaining the demurrer for the reason stated.

*M. Eugene Culver*, for the appellant (plaintiff).

*Daniel J. Donahoe*, for the appellee (defendant).

HAMERSLEY, J.   There is no provision in the General Statutes for the listing, assessing and taxing of property owned by a stock corporation, except the special provisions contained (1) in § 2328, which provides for the listing, assessing and taxing of all property owned by corporations whose stock is not liable to taxation, in the same manner as the property of individuals; (2) in § 2331, which provides for the taxation of the corporations named therein, including bridge companies; (3) in §§ 2422–2465, which provide for certain special taxes on the corporations therein named. The property of the plaintiff listed by the assessors of the defendant town is, therefore, illegally listed and assessed, unless authorized by the provisions of § 2331.   That section includes by reference § 2332, and, reduced to its essential provisions as affecting the property of the plaintiff, may be stated thus: The secretary of every bridge company whose stock is not exempt from taxation, shall annually in October file with the tax commissioner a statement showing the number of its shares and the market value thereof on October 1st. During the months of October, November and December of each year, the board of equalization shall determine the market value of the shares of each of said corporations as of the first day of October, and before the thirty-first day of December the tax commissioner shall notify each of said corporations of the taxable value of the shares thus, determined.   On or before the last day of the following February each of said corporations shall collect from its stockholders and pay to the State treasurer a tax of one per cent. on the market value of

each share of its stock as thus determined, less the amount of taxes paid by such corporation upon its real estate in Connecticut during the preceding year, all of which real estate shall be assessed and taxed in the town in which it is located.

The property of the plaintiff which the Middletown assessors listed and assessed is its " bridge property," and is defined by the assessors as including the bridge structure built by the plaintiff across the Connecticut River in pursuance of its charter as and for a highway connecting the towns of Middletown and Portland, which bridge structure consists of the abutments, spans, and all other parts of the structure which are not movable. It is admitted that the plaintiff does not own the real estate at the bottom of the river on which the piers supporting its bridge rest, and that the plaintiff does not own any land situated in Middletown except two pieces of land standing in the name of a trustee, which have been duly listed and assessed and the tax thereon paid.

The contention of the defendant is, not only that the word " real estate " may be used to indicate a piece of land on which a bridge is built as including both the earth and the structure attached to it, but that the legislature, by the language used in § 2331, intended to say and has said that a bridge highway built and maintained as such by a bridge company chartered for that purpose, subject to the control of State commissioners appointed to see that the bridge structure and every part of it is maintained in safe condition for public use, is not included in the property of the corporation which it was the main purpose of that section to value and tax in the peculiar manner therein prescribed, but that such property is real estate which shall be listed, assessed and taxed in the town where it is situated, as the property of the corporation.

This contention is plainly untenable. " Bridge companies " is used in the statute to indicate a corporation chartered to build and maintain a bridge highway similar in character to the turnpike highways maintained by turnpike

companies chartered for that purpose. The property in such a highway, whether laid upon the surface of the ground or carried upon piers across a navigable river, has never been included under our laws taxing real estate, and is not included in the language of § 2331, which provides that the real estate in Connecticut owned by a bridge company shall be assessed and taxed in the town within which it is located. The real estate described in § 2331 is that and no other described in §§ 2328 and 2329, which provide for the taxation of certain corporations upon their whole property in the same manner as individuals are taxed upon their property. This real estate is that described in § 2322 as real estate liable to taxation. That section makes no provision for the listing and valuation of bridge property, as defined by the assessors, as real estate liable to taxation in the hands of individual owners ; and § 2331 does not authorize the taxation of any real estate owned by a bridge company, except that which, as the property of individuals, can be listed, valued and assessed in the manner prescribed by § 2322 for real estate liable to taxation. The construction contended for by the defendant would defeat the main purpose of the section in making the special provision for the taxation of bridge companies, and would include under the definition of real estate liable to taxation, to be found in § 2322, turnpike, bridge and railroad highways, the railroad structure laid in streets in furtherance of their use as public highways, as well as the poles and other machinery used in the telephone and telegraph business that may be attached to or rest upon the soil. An examination of changes in the detail of provisions for taxing bridge companies, and similar corporations, only serves to confirm what is apparent upon reading the chapter concerning assessment of taxes as it stands in the Revision of 1902; namely, § 2331 provides for taxing a bridge company upon its property in the bridge highway it has built and maintains in pursuance of its charter, in the manner therein prescribed, viz., through a valuation of its capital stock and the payment to the State treasurer of a tax of one per cent. on that valuation,

and does not authorize the listing, valuation and taxation
of this property, in providing that all the real estate owned
by the corporation and liable to taxation in the same man-
ner as that owned by individuals, shall be placed in the list
of the corporation and valued, assessed, and taxed in the
town in which such real estate is located.

The defendant's demurrer is plainly insufficient and should
have been overruled by the trial court.

There is error in the judgment of the Superior Court.

In this opinion the other judges concurred.