## J. NELSON FIELD ET AL. vs. THE GUILFORD WATER COMPANY.

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

For the purposes of taxation at least, our statutes (§§ 2328, 2329) treat the underground mains and pipes of a water company used in distributing water to its customers, not as real estate taxable in the town where they happen to lie, but as personal property attached to or connected with the plant or establishment of the company, and taxable in the town in which its principal place of business is located, or in which it exercises its corporate powers.

Argued April 10th—decided May 3d, 1906.

ACTION to recover a tax laid by the town of Guilford on the water mains and hydrants of the defendant in said town, brought to and tried by the Court of Common Pleas in New Haven County upon demurrer to the complaint; the court, *Bennett, J.*, sustained the demurrer and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

It appeared from the writ and complaint that the defendant is a corporation having a principal place of business in the town of Clinton, and, for the purpose of determining the sufficiency of the demurrer, the following facts were by stipulation regarded as incorporated in the complaint, namely: "The Guilford Water Company is a corporation organized under the laws of this State for the purpose of furnishing water to the towns of Clinton, Guilford, and other nearby towns. It is located in Clinton and its main works, reservoir, office and principal place of doing business are also in that town. It has no establishment, reservoir, or supply works in the town of Guilford. The pipes and water mains extend from Clinton into Guilford, and the pipes, etc., in question are connected with the reservoir in

Clinton, and were laid underground in the usual manner for the purpose of supplying the inhabitants of Guilford with water. They are laid under the public highways, and the water company is not the owner of the lands upon which they are laid and through which they extend."

*William H. Ely*, for the appellants (plaintiffs).

*Charles A. Pelton*, for the appellee (defendant).

HAMERSLEY, J. There is no provision in the General Statutes for the listing, assessing and taxing of property owned by stock corporations, except those special provisions contained in the sections dealing with a taxation of different classes of corporations. The only provision for taxing the property of corporations such as the defendant corporation, is contained in §§ 2328 and 2329, which in substance provide : the whole property in this State of the corporation shall be set in its list and liable to taxation in the same manner as the property of individuals; its real estate shall be set in the list of the town in which such real estate is situated, and its personal property shall be set in the list of the town in which it has its principal place of business or exercises its corporate powers ; and when it shall have two or more establishments for transacting its business in different towns or taxing districts, it shall be assessed and taxed for every such establishment, and for the personal property attached thereto or connected therewith, in the town or other taxing district having the power of taxation in which such establishment is ; and the stockholders of the corporation shall be exempt from taxation for their stock therein. The real estate mentioned in § 2329 must come within the description of § 2322, which describes the property liable to be listed and assessed as real estate, and is the same kind of real estate mentioned in §§ 2331 and 2332, which sections provide for the taxation of certain corporations through a tax collected from their stockholders, on a valuation of all the corporate prop-

erty prescribed, except the real estate of the corporation, which must be assessed and taxed within the taxing district in which it is located. The real estate thus described does not include, as real estate liable to be listed, assessed and taxed, the underground pipes, etc., used by the defendant under authority of its charter for the distribution and sale of water to its customers. *Middletown & P. Bridge Co.* v. *Middletown,* 77 Conn. 314, 317, 59 Atl. 34. The property mentioned, therefore, could not be taxed in the town of Guilford as real estate belonging to the defendant.

It could not be taxed in Guilford as personal property. The defendant's personal property must be taxed in Clinton, where it has its office, main works, reservoir and principal place of business. We think the pipes and mains used by the defendant for the distribution of water, and which are laid under public highways by authority of the State, constitute, within the meaning of § 2329, " personal property attached to, or connected with," the defendant's establishment in the town of Clinton for transacting its business. Personal property may be so permanently attached to land that its ownership is thereafter regarded in law as merged in the ownership of the land, in a like manner as if it had become incorporated in the land through the forces of nature; but it is not always clear when personal property is so attached to land that the general rule operates, or operates for all purposes. Property attached to land under authority for a special purpose may remain personal property. The pipes and mains of a water company, laid through the highways under authority of the State for the purpose of transacting its business of conveying and selling water to its customers, do not lose their distinctive character and value as property specially devoted to that purpose and become mere ingredients of the soil that surrounds them. Certainly our statute regards such property, owned by a corporation like the defendant, for the purposes of taxation, as personal property, and as a part of the whole property of the corporation connected

McCarthy *v.* Consolidated Ry. Co.

with its plant or establishment for transacting its business of storing, conveying, and selling water, and directs this property to be set in the list of the town or taxing district in which such establishment is.   Whether such underground machinery for conveying water may more properly be classed under the general name of "real property" or of "personal property" for other purposes is not the question; it is treated by our statute for the purpose of being listed, assessed and taxed, when owned by a corporation such as the defendant, as personal property, and the statutory description must determine the legality of the tax.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.