THE CITY OF NORWALK *vs.* THE TOWN OF NEW CANAAN.

Third Judicial District, Bridgeport, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

No constitutional provision in this State requires taxation to be equal
    and uniform, and therefore a mere lack of such equality and uni-
    formity in a taxing statute does not render it invalid.
General Statutes, § 2321, provides that land in another town which is
    taken and used by a municipality for its water-supply, shall be
    liable to taxation in that town unless its inhabitants have the right
    to use, and do actually use, such water-supply upon the same
    terms and conditions as the residents of the municipality. *Held*
    that the legislature had the power to discriminate between those

municipalities which did, and those which did not, permit the use of its water-supply by the local inhabitants upon equal terms with their own residents, and to exempt or tax them accordingly.

Land owned by a municipality but not used by it for reservoir purposes is taxable in the town where it is situated.

Under this statute the reservoir dam cannot be assessed separately from the land upon which it stands. It is, and should be treated as, land used in connection with the reservoir.

Mains and pipes for conducting the water from such reservoirs, when laid through land belonging to the municipality, through highways, or through land of others of which the municipality has a perpetual easement or right of way, are not assessable under the statute as land; nor are such easements or rights of way acquired for such purposes assessable as land, being mere incorporeal rights and not made taxable by the statute, either expressly or impliedly.

Argued October 31st—decided December 19th, 1911.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the defendant town to erase from the plaintiff's tax list certain items comprising part of the plaintiff's system of water-works in New Canaan, which were added to the list by the assessors of that town, brought to and reserved by the Superior Court in Fairfield County, *Reed, J.*, upon an agreed statement of facts, for the advice of this court.

The essential part of the statement of facts is as follows: "In pursuance of said provisions of the charter, and because the necessities of said city and others required the same, the plaintiff now owns, and for many years last past, and on October 1, 1910, owned and held in the town of New Canaan, a large quantity of land, with a dam permanently located thereon, used by the plaintiff for reservoir purposes, which reservoir is required for the purpose of distributing water to the inhabitants of said City of Norwalk, and other persons and corporations.

"The plaintiff also owns underground pipes necessary to convey and distribute said water to said City of Norwalk, and other places, a portion of such

pipes being situated in said town of New Canaan, and permanently located therein for the purposes aforesaid, of which pipes so located in the town of New Canaan, 5,600 feet are located in the highways of said town and 9,900 feet are located in, upon or through the rights of way or easements hereinafter described.

"The underground pipes described in paragraph 4 hereof, commence at the reservoir, described in paragraph 3 hereof, and run in, upon or through the easements or rights of way and the highways referred to in paragraph 4 hereof to the City of Norwalk, in one continuous trunk line. . . .

"A majority of the inhabitants residing along said line of pipes have connected their premises therewith, and are drawing upon and using said water-supply by permission of the water commissioners of the plaintiff city, duly authorized to grant such permit.

"The rates charged to those inhabitants of the defendant town who have received such permission and have in fact connected with such water-pipes, and are using said water, are fifty per cent. greater than the rates charged to the inhabitants of the plaintiff city, but said rates are the same as those charged to the inhabitants of the town of Norwalk outside of the limits of the plaintiff city.

"During the month of October, 1910, the plaintiff . . . made out and returned to the assessors of said town of New Canaan, a list of its real estate and taxable property, in the manner prescribed by law, said list being as follows: '30 acres of land not used for reservoir purposes. Said city is also the owner of 33 acres of land on which is a dam and all of which is used for reservoir purposes, and also owns pipes and mains, underground, used for the purpose of distributing water to residents of New Canaan and Norwalk, all of which together with said 33 acres of land on which is a dam, are claimed

to be exempt from taxation, and are not hereby returned for taxation.'

"The assessors of said town of New Canaan, thereafter added to said list as so returned, the following:

'Dam located at reservoir,' . . . . . . . . . . $15,000
'Underground mains and pipes located
  in New Canaan,' . . . . . . . . . . . . . . . . .  40,000
"Said $40,000 being made up as follows, viz:
  'Underground pipes through
    private property, . . . . . . . . . $25,000
  'Underground pipes in high-
    ways, . . . . . . . . . . . . . . . . . . . .  14,000
  'Underground pipes in prop-
    erty of City of Norwalk, . . .   1,000
                                       —————
                                       $40,000
'Easements and rights of way,' . . . . . . .   2,000
'28 acres land used in connection with
  reservoir,' . . . . . . . . . . . . . . . . . . . . . . .   1,120
"And said assessors valued said land re-
  turned, as aforesaid, as follows:
'35 acres of land, not used for reservoir
  purposes,' . . . . . . . . . . . . . . . . . . . . . . .  $1,400

"The City of Norwalk and its predecessor, the Borough of Norwalk, prior to said first day of October, 1910, had acquired by deed from a great number of persons, perpetual easements and rights of way in the lands belonging to such persons severally, to wit: the right to itself and its successors, to perpetually maintain in and over such pieces of land, pipe-lines and mains for the carrying of water from the dam in question to the City of Norwalk and for the repairs and replacing thereof, from time to time, each of such easements or rights of way having been conveyed to said borough or said city by deed of conveyance duly executed and

recorded in the public land records of said town of New Canaan, and on said first day of October, 1910, the said city was seized and possessed of said easements or rights of way and had laid and was maintaining by virtue of such deeds the pipe-lines and underground mains referred to in paragraph 4 hereof."

*Louis Goldschmidt,* for the plaintiff.

*Homer S. Cummings* and *Epaphroditus Peck,* for the defendant.

THAYER, J.    The questions upon which the advice of the court is asked are: "Whether or not, upon the agreed statement of facts, the property of the plaintiff, or any part thereof, as described therein, is liable to taxation by the defendant; and if it is partially liable to taxation, what portion of the same is taxable, and for what amount and in what proportion."

The list which the plaintiff gave in to the defendant's assessors included for taxation only the land which was not used for reservoir purposes.    This was liable to assessment and properly assessed.    *West Hartford* v. *Water Commissioners,* 44 Conn. 360, 371.    The assessors added to the list the land which the plaintiff used for reservoir purposes.    The plaintiff claims that this was improper.    In *West Hartford* v. *Water Commissioners,* 44 Conn. 360, we held that land owned by a municipal corporation and used by it for reservoir purposes was not liable to assessment for taxes in an adjoining town where the land was located.    This would be decisive of the question in the plaintiff's favor had there been no subsequent legislation to affect the matter.    But after that decision was rendered an Act was passed, now § 2321 of the General Statutes, which provides that land so owned, used and situated,

shall be set in the list for taxation in the town where it is situated at a valuation which would be fair for such land if used for agricultural purposes; unless the inhabitants of the town where the land is situated have the right to use, and actually do use, the water-supply from such reservoir upon the same terms and conditions as the inhabitants of the municipality which owns the reservoir, in which case the land is exempt from taxation. It appears from the statement that the defendant's inhabitants do not receive water upon the same terms and conditions as the plaintiff's inhabitants do, and it is conceded by the plaintiff that if this statute is valid, the addition to its list of the reservoir land was justified. But it claims that the statute is invalid as discrimination against municipalities owning reservoirs in towns whose inhabitants have not equal rights with its own to the use of the water-supply.

The statute is not upon that ground invalid. Taxes seldom bear equally upon all. There is no constitutional provision, either expressed or implied, that taxation shall be equal and uniform. *State* v. *Travelers Ins. Co.,* 70 Conn. 590, 605, 40 Atl. 465; *State* v. *Travelers Ins. Co.,* 73 Conn. 255, 266, 47 Atl. 299. It is for the legislature to determine what property shall be taxed. The statute in question has selected a class of property formerly exempt from taxation and made it subject to assessment. The plaintiff's property comes within the class. The plaintiff cannot complain because other like property subject to different uses, still remains exempt. The property is held for public uses. *West Hartford* v. *Water Commissioners,* 44 Conn. 360. The legislature might well continue the exemption as to such property when the inhabitants of the taxing community receive the same public benefit from the reservoir which the inhabitants of the owning municipality do, and provide that where the inhabitants of the taxing com-

munity do not receive such benefit the land held for reservoir purposes may be taxed at what would be its fair valuation if used for agricultural purposes.

As to the remaining items which were added to the plaintiff's list, the question between the parties has been whether they constitute "land" within the meaning of the statute above referred to. It is to be noticed that the assessors did not describe them as land nor assess them as land. The statute authorizes the listing only of "land owned or taken by any municipal corporation for the purpose of creating or furnishing a supply of water," etc., and provides in what manner its valuation shall be fixed. The sixty-three acres were assessed at an average value of $40 per acre. It is clear that the dam, which is assessed at $15,000, and the mains and pipes, which were assessed at $40,000, cannot have been assessed as land. If not, the assessment was wrong, and the board of relief should have corrected it.

As regards the dam, it appears from the agreed statement of facts that it stands upon the land which is used for reservoir purposes, and if not so, it is apparent that the land on which it stands is as much owned and taken for creating or furnishing a supply of water as the land is which is covered by the water. It should have been, and, we suppose, was, included in the item denominated "land used in connection with reservoir." The dam separated from the land was not an item subject to taxation under the statute.

The same is true of any land owned by the plaintiff in which it has mains or pipes for furnishing water to its inhabitants or others. The mains and pipes are not assessable under the statute, but the land owned by the plaintiff in which such pipes are laid is liable to be set in its list at a valuation to be fixed by the rule established by the statute. If that land was not included in

the twenty-eight acres assessed as land used in connection with the reservoir, it should be added thereto.

Water-pipes and mains located in highways, and in the private property of others than the owner, may under some circumstances be treated as land and under other circumstances as personal property. *Field* v. *Guilford Water Co.*, 79 Conn. 70, 72, 63 Atl. 723. In the case cited such pipes were held to be personal property, and taxable as such in another town than that in which they were located. In the present case the pipes and mains which were assessed constitute a continuous trunk line some miles in length extending from the plaintiff's reservoir to its corporate limits. They were a part of the machinery for furnishing its inhabitants with water. It is not to be presumed that the parties contemplated that these expensive pipes should become a part of the realty and belong to the owners of the fee. The statute, in terms, makes no reference to such pipes. It refers solely to land. We think that it does not intend that the municipality which owns such pipes shall be assessed therefor, or for the easements and rights of way in which they are located. If taxable under the statute, it is as real estate according to the rule fixed by the Act, that is, at a valuation which would be fair for the land if used for agricultural purposes. The land in the highways is not a subject of taxation. The land of private owners through which pipes are laid is assessable against the owners. It is not conceivable that the legislature, had it intended to make such pipes subject to taxation, would have taxed them as land, or adopted such a rule of valuation if taxed as personal property. The purpose in view in the enactment seems apparent. Under existing law as held in *West Hartford* v. *Water Commissioners*, 44 Conn. 360, land owned or taken for reservoir purposes by a municipality was removed from the assessment list of

the town where the land was situated. Such town thus became a loser by such taking, unless its inhabitants had the use of the water-supply thus created. If they were given the use of the water-supply upon the same terms as the inhabitants of the municipality owning the reservoir, they shared in the public use. It was proper that towns not thus sharing in the public benefit should not lose the tax upon the land taken for the reservoir. It was the purpose of the Act to restore this exempted land to the assessment list of such towns. It was not the purpose expressed by the Act to subject the municipality owning the land to any other or further tax. The assessment of the pipes and mains in the highways and through private property was improper, and the board of relief should have stricken these items from the list.

The statement of facts shows that pipe-lines and mains through private property were laid where the plaintiff had acquired an easement or right of way for the purpose. These are the only easements, which, so far as the case shows, the plaintiff owned. The same "land" was thus assessed twice if at all, once as pipes and mains and once as easements and rights of way. Easements such as rights of way and the right to conduct water by pipes from or across the lands of another, are not estates in land but mere rights, incorporeal hereditaments. They give no right of possession, and are consistent with the possession and occupancy of the land by the owner of the fee. They may add value to the dominant estate to which they are attached and diminish to some small extent the value of the servient estate. Such mere incorporeal rights are not ordinarily separately assessed. It is the tangible property which is subject to assessment and taxation. Unless the taxing statute either expressly or by implication makes them taxable, they are not to

be included in the list. The purpose of the statute here in question, as we view it, precludes the assessment of such rights as land, and this item should have been stricken from the assessors' list.

The Superior Court is advised that the sixty-three acres of land described in the statement as owned by the plaintiff are liable to taxation in the defendant town at what would be their fair valuation for agricultural purposes and were properly assessed, and that the other items of property therein described as belonging to the plaintiff are not liable to taxation.

No costs in favor of either party will be taxed in this court.

In this opinion the other judges concurred.