## RUDOLPH et al. v. POTOMAC ELECTRIC POWER CO.

Court of Appeals of the District of Columbia.

Submitted December 7, 1927.    Decided March 5, 1928.

No. 4583.

1. Taxation ⊂⇨156—Franchise, permitting electric company to attach poles, conduits, wires, and lamps to streets, is taxable property right.

Franchise or privilege accorded quasi public corporation, such as electric power company, of attaching its poles, conduits, wires, and lamps to streets, is property right, and as such is taxable.

2. Taxation ⊂⇨156—Electric company's poles, wires, conduits, and lamps, located in streets belonging to United States, held not "real estate," for purposes of taxation (Act Aug. 14, 1894 [28 Stat. 282]; Act July 1, 1902, § 6 [32 Stat. 619]).

Poles, wires, conduits, and lamps, used by electric power company and located in streets belonging to United States, *held* not "real estate," for purposes of taxation, under Act Aug. 14, 1894 (28 Stat. 282), and Act July 1, 1902, § 6 (32 Stat. 619).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate.]

3. Statutes ⊂⇨245—Tax statutes are construed strictly in favor of taxpayer, and against government.

Statutes relative to taxation of real property and to tax on gross earnings of electric company must be construed strictly in favor of taxpayer, and against government.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Potomac Electric Power Company against Cuno H. Rudolph and others, Commissioners of the District of Columbia, and another. Decree for plaintiff, and defendants appeal. Affirmed.

F. H. Stephens and R. L. Williams, both of Washington, D. C., for appellants.

S. R. Bowen, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee company filed a bill in equity in the Supreme Court of the District of Columbia, seeking to have declared unlawful and void certain assessments and taxes levied by the defendant District on the poles, wires, conduits, and lamps used by the plaintiff in connection with its business.

From a decree declaring the taxes levied on said property and the sales for nonpayment thereof to have been imposed and made without warrant or authority of law, and annulling, canceling, and declaring the same void ab initio, and enjoining the defendant commissioners to cancel said alleged assessments for the years 1917 to 1926, inclusive, and perpetually enjoining defendants from collecting, claiming, or referring to said assessments, this appeal is prosecuted.

It appears that the defendants asserted the right to assess and tax as real estate plaintiff's poles, lamps, conduits, and overhead wires, located in the business streets, avenues, and highways throughout the District of Columbia, on the theory that plaintiff's poles have been planted in the earth, and its conduits have been laid under the surface of the ground, and the wires and lamps are connected with the poles and conduits, that are to be regarded as real estate and taxable as such, although standing on and lying under the streets belonging to the United States.

[1, 2] The case can be disposed of upon the single question of whether or not the property here sought to be taxed is real or personal property. Unquestionably the franchise or privilege accorded a quasi public corporation of attaching its poles, conduits, wires, and lamps to the streets is a property right, and as such taxable. Owensboro v. Cumberland Telephone Co., 230 U. S. 58, 65, 33 S. Ct. 988, 57 L. Ed. 1389; City of Louisville v. Cumberland Telephone Co., 224 U. S. 649, 661, 32 S. Ct. 572, 56 L. Ed. 934. But it is not here sought to tax the franchise or the right accorded the plaintiff by the city as so much personal property, but as personal property transformed into real estate by virtue of its connection with the streets, avenues, and highways of the District.

There is some conflict of authority as to the exact status of the property of a corporation connected to or laid under the streets of a city for the purpose of carrying on its public business. For example, in Providence Gas Co. v. Thurber, 2 R. I. 15, 55 Am. Dec. 621, gas pipes buried under a public street were held to be taxable as real estate, and in Willard v. Pike, 59 Vt. 202, 9 A. 907, water mains were held to be taxable as real estate. On the other hand, in Newport Illuminating Co. v. Tax Assessors, 19 R. I.

632, 36 A. 426, 36 L. R. A. 266, poles and wires in a public street were held, for the purposes of taxation, to be personal property. In rare cases it has been held that water mains, pipes, and hydrants in public streets are taxable as real estate, on the theory that they are physically connected with the main plant of the corporation, and as such taxable as part of the real estate of the corporation. Colorado Fuel & Iron Co. v. Pueblo Water Co., 11 Colo. App. 352, 53 P. 232.

Judge Cooley epitomizes the law on this subject, as reflected in the opinions of the courts, as follows: "Gas pipes and mains laid under the streets have been held assessable as real estate in some states, while in other states they are assessable as personal property. * * * Poles, wires, etc., of electric light and power companies are generally held assessable as personal property." 2 Cooley on Taxation, 968.

With this conflict of opinion, we agree with the court below that the rule to be applied in this case can best be adduced by reference to the statutes of the District bearing upon the subject of taxation. The act of Congress of 1894 (28 Stat. 282), after providing that all real property shall be assessed in the name of the owner, when the owner is known, prescribes the method of valuation as follows: "That said board of assistant assessors shall, from actual view and from the best sources of information in its reach, determine the value of each separate tract or lot of real property in the District of Columbia in lawful money, and shall separately estimate the value of all improvements on any tract or lot, and shall note the same in the proper field book, which shall be carried out as part of the value of such tract or lot, and shall also return the dimensions of each tract or lot."

It will be observed that all real estate in the District shall be assessed in the name of the owner on a valuation to be determined as to each separate tract or lot of land with the improvements thereon, the improvements and the land being valued separately. It would require a stretch of the imagination to apply this statute to the poles, conduits, wires, and lamps of plaintiff company erected upon the nontaxable property of the United States, the streets, avenues, and highways of the District.

It would logically follow that, if the poles, conduits, wires, and lamps are to be assessed under the real estate tax law of 1894, they must be treated only as improvements upon the real estate; but, as said by the court below:

"Upon what real estate can they be said to be improvements? The assessment designates no lots. They are in fact located in the streets and public places, the title to which is in the United States. The plaintiff is not the owner of these parcels of real estate, if such they may be called. The plaintiff has no ownership therein. How, then, can the plaintiff be said to have improved its real estate, merely by using the streets as a convenient place to set its poles and lay its conduits and string its wires? When land is improved by structures, the land itself is, in contemplation of law, the principal thing, even though the structure be of more value to the land. * * * Moreover, the defendants themselves do not undertake to assess as real estate the right of the plaintiff, whatever it may be called, to place its poles and conduits in the streets. They do not pretend to tax the easement, if there be one. They merely attempt to treat the poles and conduits as metamorphosed into real estate by virtue of their attachment to the soil, which belongs to the United States, and this merely because the United States has given it a limited and conditional right to make such use of its soil. If Congress had intended such a result, would it not have expressed the intention in unambiguous and apt words?"

Two courts have spoken convincingly on this proposition. In Readfield Telephone & Telegraph Co. v. Cyr et al., 95 Me. 287, 49 A. 1047, it was held that poles, wires, and lines of a telephone company were legally sold under execution as personal property. And in Newport Illuminating Co. v. Tax Assessors, supra, where the poles and wires of the company had been taxed as real estate, and the tax paid thereon, the court held that the tax could be recovered, although it resulted in the total exemption of the property from taxation.

The late Connecticut decisions hold underground piping, water mains, reservoirs, and water mains and pipes laid in highways and through private property, to be personal property. Field et al. v. Guilford Water Co., 79 Conn. 70, 63 A. 723; City of Norwalk v. New Canaan, 85 Conn. 119, 127, 81 A. 1027. And in Connecticut Lt. & Pr. Co. v. Town of Oxford, 101 Conn. 383, 126 A. 1, steel towers supporting plaintiff's wires and cables were held to be personal property. To the same effect in Western Union Tel. Co. v. Penna. Co. (C. C.) 125 F. 67, telegraph poles, cross-arms, insulators, and wires erected upon the railroad right of way were held to be personal property.

In aid of interpreting the scope of the act

of 1894, it will be observed that under the act of Congress of 1902 (32 Stat. 619) plaintiff company is required each year to submit a sworn return of its gross earnings and pay a tax of 4 per cent. thereon. By this statute a heavy tax has been imposed upon the gross earnings of defendant company, and it was unquestionably imposed for the purpose of embracing all property of the company not otherwise taxable under the laws of the District. As pointed out by the learned justice below in his opinion, no attempt was made to tax the property in question as real estate until the year 1917. The property prior to that time having inferentially been regarded nontaxable as real estate, this, says the court, "is a contemporaneous construction of great persuasiveness, and no doubt was relied upon by Congress in passing the act of 1902."

[3] Considering the later trend of decision, and especially the statute in this District, providing for the taxation of real property, and applying the accepted rule of construction that such statutes must be construed strictly in favor of the taxpayer and against the government, we find no convincing authority for treating the property of plaintiff company as real estate for the purposes of taxation.

The decree is affirmed, with costs.