## JAMES W. BLAIN, *Treasurer of Riley Co.*, v. RILEY CO. AGRICULTURAL SOCIETY.

*Error from Riley District Court.*

ON the 23d day of October, 1875, the chairman of the board of county commissioners of Riley county executed and delivered to the Riley County Agricultural Society, defendant in error, a certain order upon the treasurer of said county, of which order the following is a copy, to wit:

"OFFICE OF COUNTY CLERK, RILEY CO., KANSAS,  
MANHATTAN, Oct. 23, 1875.

*To Treasurer of Riley Co.:* J. Q. A. Sheldon, secretary, and J. K. Winship, treasurer of the Riley County Agricultural Society, having filed with the county clerk of Riley county an affidavit, together with the certificate of the secretary of the state board of agriculture, setting forth that section two of chapter nine of the laws of Kansas of 1873, has been by said Riley County Agricultural Society fully complied with, you will therefore pay to the treasurer of said Riley County Agricultural Society the sum of two hundred

dollars, out of any moneys in the treasury not otherwise appropriated.

(Signed)            T. S. ST. JOHN,
*Chairman of Board of Comm'rs of Riley Co., Kas.*"

Afterward, said order was presented to James W. Blain, county treasurer of Riley county, plaintiff in error, and payment or acceptance and registration thereof demanded. He then, and at all times, refused either to pay or accept and register said order.

Afterward, on the 16th of March, 1876, said defendant in error filed its petition or application in the district court of Riley county, said court being then in session, for a peremptory mandamus to compel said Blain to pay said order; and the same day served a notice on said Blain that said application would be presented to said court on the 17th of March, 1876, and on said day said application was made to the court. No alternative writ was issued, and hence no answer was or could be filed. No evidence was introduced by either party, and the only question before the court was, whether said petition set forth facts sufficient to warrant the issuing of a peremptory writ of mandamus. (Gen. Stat. 776, § 691.)

The application was heard by the court on said 17th of March, 1876, and argued by counsel; and the court took the matter under advisement, and reserved its decision until the next term thereof, at which time, to wit, on the 14th of September, 1876, a decision was rendered by the court, and the order made for issuing a peremptory writ of mandamus, as prayed for, and judgment rendered against the plaintiff in error for costs; to which order and judgment *Blain* duly excepted, and he now brings the case here for review.

*R. B. Spilman*, for plaintiff in error.
*Martin & Mileham*, for defendant in error.

*Per Curiam:* The judgment of the court below will be reversed, and cause remanded with the order that the peremptory writ of mandamus asked for by the plaintiff below be refused.

This decision is made upon the authority of the following

among other cases, to wit: *McConnell v. Hamm,* 16 Kas. 228; *Spencer v. School District,* 15 Kas. 259, 262; *State v. Osawkee Township,* 14 Kas. 418, 420; *Loan Association v. Topeka,* 20 Wall. 655.