Darby v. Otterman.

---

No. 27,016.

I. Harry Darby, *Appellee,* v. James Otterman et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Municipal Corporations—*Rights and Remedies of Taxpayer—Enjoining Renting of Memorial Building to Private Corporation.* A taxpayer of Kansas City, can maintain an action to enjoin the city officers and trustees of the Soldiers and Sailors Memorial building of Kansas City, erected under the provisions of sections 73-401 to 73-410 of the Revised Statutes, from leasing any part of such building to a private corporation, where taxes must be levied for the upkeep of the building, for janitor services in it, for repairs to it, and for heat and light for it.

2. Same—*Authority to Lease Memorial Building to Private Corporation.* A city has no power to lease to a private corporation any part of a building erected under the provisions of sections 73-401 to 73-410 of the Revised Statutes.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed February 12, 1927. Affirmed.

*William Drennan, Willard M. Benton* and *Joseph A. Lynch,* all of Kansas City, for the appellants.

---

Injunctions, 32 C. J. p. 259 n. 11.  Municipal Corporations, 28 Cyc. pp. 1663 n. 42, 1732 n. 96, 1735 n. 28, 1736 n. 52, 1737 n. 57.  Taxation, 37 Cyc. p. 719 n. 2; 31 L. R. A. n. s. 580; 26 R. C. L. 41, 58.

*W. L. Wood, D. F. Carson, H. E. Dean* and *E. E. Martin,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action, commenced June 5, 1925, is one to enjoin the defendants as trustees of the Soldiers and Sailors Memorial building of Kansas City, Kan., and as mayor and commissioners of that city, and the Veterans of Foreign Wars, a corporation, from leasing to the Veterans of Foreign Wars any part of the Soldiers and Sailors Memorial building in Kansas City, Kan. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

Under sections 73-401 to 73-410 of the Revised Statutes, chapter 256 of the Laws of 1921, Kansas City, Kan., erected a memorial building costing approximately $600,000. Bonds were issued with which to obtain funds for the erection of the building. It is operated and maintained at public expense with funds raised by taxation. The defendants are threatening to lease a part of the building to the Veterans of Foreign Wars for twenty years at $1 per year. The plaintiff is a citizen and taxpayer of Kansas City, Kan.

1. The defendants contend that the plaintiff has no right to maintain this action and that it is one which, if prosecuted, must be brought in the name of the state. There are two sections of the statute which must be examined. Section 60-1121 of the Revised Statutes in part reads:

"An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in the creation of any public burden or the levy of any illegal tax, charge or assessment; and any number of persons whose property is or may be affected by a tax or assessment so levied, or whose burdens as taxpayers may be increased by the threatened unauthorized contract or act, may unite in the petition filed to obtain such injunction."

Section 13-1403 of the Revised Statutes, in part, reads:

"That no debt shall be contracted, obligation incurred, tax or special assessment levied, charge upon property made, money drawn from the treasury or other act done by any city officer under color of his office unless expressly authorized by this act; and upon application to any court of competent jurisdiction, by any person against whose property any tax, special assessment or burden of any kind may be levied or charged, or whose property or rights may to any extent be injuriously affected by any such illegal act threatened or about to be done by any city officer, an injunction shall be granted to enjoin

Darby v. Otterman.

the governing body or any other city officer from entering into any contract, incurring any obligation or burden, creating any debt, withdrawing any money from the treasury, or doing any act or thing in violation of or that is not expressly authorized by this act."

Taxes must be levied to pay for the upkeep of the building, for janitor services in it, for repairs to it, and for heat and light for it. The purposes for which the Veterans of Foreign Wars is incorporated has no connection with the business of the city. The uses to which Veterans of Foreign Wars will put that portion of the building leased to that organization will be for the benefit of a private corporation, although organized for public and patriotic purposes. The service it will render will be wholly independent of, separate from, and outside the control of any department of the city government of Kansas City. Taxes cannot be levied for such purposes.

We quote from 26 R. C. L. 41, as follows:

"It is a well-settled principle of constitutional law that no tax can be levied except for the purpose of raising money which is to be expended for the public use. The power to levy taxes is founded on the right, duty and responsibility to maintain and administer all the governmental functions of the state, and to provide for the public welfare. To justify any exercise of this power the expenditure which it is intended to meet must be for some public service, or some object which concerns the public welfare. This principle is fundamental, and underlies all government that is based on reason rather than force. To lay with one hand the power of the government on the property of the citizen, and with the other to bestow it upon favored individuals to aid private enterprises and build up private fortunes, is none the less a robbery because it is done under the forms of law and is called taxation. This is not legislation. It is a decree under legislative forms. Nor is such a levy taxation, since a tax is an impost assessed for the purpose of raising money for the public use, and an assessment for any other purpose is not a tax." (See, also, *State, ex rel., v. Township of Osawkee,* 14 Kan. 418; *Blain, Co. Treas., v. Riley Co. Ag. Soc.,* 21 Kan. 558; *C. B. U. P. R. Co. v. Smith,* 23 Kan. 745, 752; *Winters v. Myers,* 92 Kan. 414, 426, 140 Pac. 1033; *Beck v. Shawnee County,* 105 Kan. 325, 182 Pac. 397; *Loan Association v. Topeka,* 87 U. S. 655; 37 Cyc. 719; 1 Cooley on Taxation, 4th ed., § 80; 1 American Law of Taxation by Desty, p. 14; Judson on Taxation, 2d ed., § 377.)

The plaintiff must assist in paying taxes levied for the purpose of maintaining the Memorial building, for janitor services in it, for repairs to it, and for heat and light for it. This brings him within sections 13-1403 and 60-1121 of the Revised Statutes. He has the right to maintain this action.

2. Can this building be leased to the corporate organization known as the Veterans of Foreign Wars? It is a private organiza-

tion although its purposes are public and patriotic. The court found:

"That the defendants have in the past and at the commencement of this action were threatening to and endeavoring to enter into a lease between the Veterans of Foreign Wars and the city of Kansas City, Kan., acting through the defendants James Otterman and Frank P. Strickland as trustees of said building, with the advice and consent of the city commissioners of said city, by the terms of which the Veterans of Foreign Wars were to be given the exclusive right to use four or more rooms in said building to the exclusion of all other persons for a period of twenty years for the sum of one dollar ($1) per year, the city to furnish fuel, water, lights and janitor service for said consideration."

Section 8 of chapter 256 of the Laws of 1921 reads:

"That the management and control thereof, if a county building, shall be vested in a board of three trustees to be appointed jointly by the city and county commissioners, and if a city building, shall be appointed by the mayor of such city. Said trustees shall be residents of the county or city wherein the building is located, and one shall be appointed for one year, one for two years, and one for three years, and thereafter each trustee shall be appointed for three years. Said trustees shall serve without compensation, and shall make annual reports and recommendations to the proper county and city officials. The expense of maintenance of said memorial shall be paid out of the general fund of the county or city, or in case the same shall not be sufficient, to be paid out of a special fund which may be created for which the counties or cities are authorized to make a levy of not more than one-tenth of one mill per annum."

By section 1 of chapter 213 of the Laws of 1923, the following was added to section 8 of chapter 256 of the Laws of 1921:

"*Provided,* That the board of trustees shall have the authority to lease all or any part of said building for hire to any person or persons desiring to lease the same and fix the rate and terms upon which the charge shall be made and collected therefor."

The law was again amended by section 1 of chapter 247 of the Laws of 1925, and the proviso giving to the board of trustees the power to lease all or any part of the building was stricken out. That indicates an intention of the legislature to deny to the board of trustees the power to lease the building or any part of it.

In *Spencer v. Joint School District No. 6, etc.,* 15 Kan. 259, the court said:

"The use of a public schoolhouse for any private purpose, such as the holding of religious or political meetings, social gatherings, and the like, is unauthorized by law, and may be restrained at the instance of any party in-

jured thereby; and this, though a majority of the electors and taxpayers of the district assent to such use, and an adequate rent is paid therefor."

The syllabus to *State, ex rel., v. Hart et al.*, 144 Ind. 107, reads:

"A lease of rooms in a courthouse to be used for private purposes cannot be lawfully made by county commissioners in the absence of statutory authority."

One paragraph of the syllabus to *Kingman v. Brockton*, 153 Mass. 255 reads:

"The legislature has no power to authorize a city or town to appropriate money for the erection of a building to be devoted in part to the use of a post of the Grand Army of the Republic so long as such post shall exist as an organization."

If a part of the Soldiers and Sailors Memorial building at Kansas City can be rented to a private corporation, the whole of it can, and the purposes of the law and the wishes of the people of that city would be thereby defeated. The city does not have authority to lease any portion of that building to the organization known as the Veterans of Foreign Wars.

The judgment of the district court is affirmed.