No. 27,646.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Appellant,* v. THE CITY OF INDEPENDENCE et al., *Appellees.*

### SYLLABUS BY THE COURT.

ARMY AND NAVY — *Memorial Building — Power to Lease.* The trustees of a military memorial building have no power to lease the whole or any part of the building.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 11, 1927. Reversed.

*William A. Smith,* attorney-general, *C. J. Bryant* and *Theo. F. Varner,* both of Independence, for the appellant.

*W. N. Banks, O. L. O'Brien, Walter L. McVey, Thomas E. Wagstaff* and *Jay W. Scovel,* all of Independence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the leasing of the military memorial building erected in the city of Independence, pursuant to chapter 256 of the Laws of 1921. Injunction was denied, and the state appeals.

As indicated by the decision in the case of *Darby v. Otterman,* 122 Kan. 603, 252 Pac. 903, the legislature amended the law of 1921 by granting authority to the trustees of memorial buildings to lease them (Laws 1923, ch. 213, § 1). At the next session of the legislature the grant was withdrawn (Laws 1925, ch. 247, § 1). Bills introduced in the legislature of 1927 to restore the authority failed to pass, and the trustees of such buildings have no power to lease them.

Defendants undertake to distinguish the decision in *Darby v. Otterman* by calling attention to differences in character of the lessee, nature of tenancy, and terms of lease. These are incidents of exercise of possessed power, and the decision was that the trustees possess no power to exercise.

The judgment of the district court is reversed, and the cause is remanded with direction to grant the injunction.

Army and Navy, 5 C. J. p. 368 n. 19 new.