No. 30,769.

GLEN W. DICKINSON THEATERS, INC., *Appellee*, v. PERRY H. LAMBERT, LEROY NEFF and C. M. FRASER, Trustees of The Hiawatha Memorial Auditorium, THE CITY OF HIAWATHA and WILLIAM L. SCHENKELBERGER, *Appellants*.

(16 P. 2d 515.)

Opinion filed December 10, 1932.

*W. E. Archer*, of Hiawatha, for the appellants.

*F. M. Pearl*, of Hiawatha, and *Donald W. Johnson*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a taxpayer of the city of Hiawatha to enjoin the city and the board of trustees of the Hiawatha Memorial Auditorium from continuing to lease or operate the auditorium for a moving-picture show, or road show, for revenue, in competition with a moving-picture show owned and conducted by plaintiff in the city. The court, on application therefor and after hearing, made a temporary order enjoining defendants from continuing to lease the auditorium to the defendant Wm. L. Schenkelberger, or any other person, for the purpose of exhibiting moving-picture reels, shows, or road shows, but specifically limited the scope of the order "not to be interpreted or construed as restraining the use of such Memorial Auditorium for any public use not in direct and substantial competition with private business, or . . . for such amusement as dances, community gatherings, home-talent plays, school exhibitions, societies or organizations, or for the use of civic or patriotic organizations not engaged in business denominated commercial, . . . nor . . . the occasional showing of a moving picture where the picture is an incident to the main purpose of the meeting, and for the purpose of illustrating the principal theme." On the final hearing of the action this injunction was made permanent. Defendants have appealed.

The record discloses that, proceeding under chapter 256 of the Laws of 1921 (R. S. 73-401 to 73-410), Brown county and the city of Hiawatha each voted $75,000 in bonds, and with the $150,000 thus provided the city erected a building known as the Hiawatha Memorial Auditorium. The statute under which this action was taken authorizes counties and cities to erect such memorials:

"To commemorate the valorous achievements of the citizens of the respective cities or counties who as soldiers, sailors and marines, entered the service of the United States during the war with Mexico, the Indian wars, the War of the Rebellion, the Spanish-American war and the great World War from 1914 to 1919, including therein those devoted women of the corps of the Red Cross nurses attached to the service of the United States; and also those citizens of the county or municipality who enlisted in the military, naval or Red Cross service during the great World War from 1914 to 1919." (R. S. 73-401.)

And by section 8 of the act—

"The expense of maintenance of said memorial shall be paid out of the general fund of the county or city, or in case the same shall not be sufficient,

to be paid out of a special fund which may be created for which the counties or cities are authorized to make a levy of not more than one-tenth of one mill per annum."

Section 8 of the act was amended in 1923 (Laws 1923, ch. 213) by adding thereto a proviso authorizing the leasing of the building. The section was again amended in 1925 (Laws 1925, ch. 247) in such a way as to eliminate the proviso authorizing the trustees to lease the building. It was again amended in 1929 (Laws 1929, ch. 252) by adding a provision as follows:

"That the board of trustees shall have full authority to lease all or any part of said building for hire to any person or persons desiring to lease the same for a term not to exceed one year at a time and fix the rate and terms upon which the charge shall be made and collected therefor."

Several cases have been before this court involving the use which may be made, or lease which may be authorized, by the trustees for memorial buildings erected under this statute. (*Darby v. Otterman,* 122 Kan. 603, 252 Pac. 903; *Electric Theater Co. v. Darby,* 123 Kan. 225, 254 Pac. 1035; *State, ex rel., v. City of Independence,* 123 Kan. 766, 256 Pac. 799; *State, ex rel., v. City of Hiawatha,* 127 Kan. 183, 272 Pac. 113; *Robley v. Smith,* 134 Kan. 220, 5 P. 2d 1083.)

The decision turned upon the specific points involved and the statute in force at the time the question arose. By these decisions four points pertinent here have been determined: First, that a taxpayer of the city may maintain an action for an unauthorized use of the building by the trustees; second, that the trustees have no authority to operate the building as a theater or moving-picture show house; third, that in the absence of a provision in the statute specifically authorizing it the trustees have no authority to lease the building to anyone; and, fourth, the statute authorizing cities and counties to erect and maintain these memorials at public expense never contemplated that the cities or counties should go into the theater business, or any other purely commercial enterprise. The memorial erected at Hiawatha is a building, approximately one-half of which is an auditorium or assembly hall with a stage and a balcony, which, if equipped with motion-picture machines, screens and other paraphernalia, may be converted readily into a moving-picture theater. The remainder of the building is divided into lounging rooms, meeting rooms, a dancing room, and a basement dining room.

On October 3, 1930, the trustees of the Hiawatha Memorial Audi-

torium entered into a written lease with Wm. L. Schenkelberger by which they leased to him the main floor, balcony and stage of the auditorium for one year, with an option to renew it for the ensuing year, for the "purpose of conducting and carrying on a moving-picture show and a road-show business," for which he was to pay $35 per week without heat and $40 per week with heat furnished, and, on notice that he desired to do so, to have the use of the dance hall in basement for $10 per evening. He was to furnish the janitor service and was to keep the building and equipment therein in repair, and the trustees and their respective families were to have free admittance to all shows. The trustees agreed to furnish all light, power and heat, and in the event the auditorium was wanted for the use of educational, religious, musical and civic organizations, to give the lessee ten days' notice and pay to him for each day or evening the auditorium was so used by such organization the sum of $35, or such rental as might be agreed upon between the parties.

Schenkelberger put in moving-picture equipment and conducted in the auditorium an ordinary theater business, with moving-picture shows and road shows similar to those used in other theaters and by plaintiff, who had and conducted a moving-picture theater in Hiawatha, but charged an admission about ten cents under the price usually charged and charged by the plaintiff for such entertainments.

Defendants claim the right to make such lease and to use and to permit Schenkelberger to use the auditorium for a moving-picture and road-show theater by virtue of the amendment of 1929 to the statute, which authorized them to lease the auditorium for not more than one year at a time and to fix the rates to be collected therefor. Plaintiff contends that the legislature, by this statute, did not intend to authorize the trustees to lease or operate, or permit to be operated, the auditorium for a purely commercial enterprise, and if the statute be so construed that it is void as being against the public policy of this state. These contentions present the issue for our determination.

In view of the former decisions of this court the determination of that issue is not difficult. We note, first, that the entire statute providing for the erection and maintenance of these memorials is not a statute designed in any sense as a money-making scheme. The purpose of the statute was to give the people an opportunity to

502

express in some substantial, tangible way their great appreciation of the patriotism of those who, by special service, gave so much in time, energy and talent to our country in its times of need, and the legislature was careful to provide in the statute that not only the cost of constructing the memorial, but the cost of its maintenance, even though special taxes for maintenance were necessary, should be borne by the public. The thoughts which prompted it were the opposite of those involved in commercial enterprise for gain. It has been the policy of our government to exalt the individual rather than the state (*State v. Kelly,* 71 Kan. 811, 836, 81 Pac. 450) and to have the various units of our government perform governmental functions, leaving to individuals commercial enterprises for profit. In *State, ex rel., v. Kaw Valley Drainage District,* 126 Kan. 43, 267 Pac. 31, the question was considered, earlier cases cited, and the court held that a statute which, on its face, authorized a drainage district to take sand from a navigable river within its limits and sell the same and use the proceeds in the construction of levees, etc., did not authorize the drainage district to conduct a purely commercial enterprise, and if the statute were so construed it would be void as against the public policy of the state. In *State, ex rel., v. City of Hiawatha,* supra, involving this same memorial auditorium, it was pointed out that nothing in the statute then before the court warranted the implication that the building could be used to carry on private business for profit, and the court observed:

". . . even if it had undertaken to confer that power it may well be questioned whether the act would have been valid." (p. 185.)

We conclude that the amendment to the statute in 1929 authorizing the trustees to lease the auditorium, or a part thereof, for not more than one year did not authorize the lease of the building, or any part thereof, for the conduct of a purely commercial enterprise, and if the statute were so construed as to grant such authority it would be void as against the public policy of this state. The trial court was careful to limit its injunction so as to permit the use of the building for all the purposes for which it was constructed.

The judgment of the court below is affirmed.