THE CENTRAL VETERANS' ASSOCIATION OF STAMFORD, CONNECTICUT, INC. *v.* CITY OF STAMFORD ET AL.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 8—decided December 1, 1953

*Howard Arons,* for the appellant (plaintiff).

*John M. Hanrahan,* with whom was *Thomas N. Wynne,* for the appellees (defendants).

INGLIS, C. J. In this action the plaintiff sought an injunction restraining the defendants from altering into offices two rooms in the town hall of Stamford and from interfering with the continued use of the rooms as a meeting place for the plaintiff and other veterans' organizations. The trial court rendered judgment for the defendants and the plaintiff has appealed.

The plaintiff is a corporation without capital stock consisting of representatives of sixteen organizations. The members of these organizations are veterans of various wars of the United States regardless of whether they were residents of Connecticut when they entered military service. The purpose for which the plaintiff was incorporated was to further the interest of veterans of all wars of the United States. The city of Stamford is a municipal corporation into

which was consolidated, in 1949, the former town and the former city of Stamford. It has succeeded to all the rights of the former town.

Since 1907 two rooms on the second floor of the town hall, formerly maintained by the town and, since consolidation, by the city, have been used both as a meeting place for veterans' groups and as a place for the display of relics of the Civil War. The rooms have been known as The G.A.R. Memorial Hall. Since 1927 the plaintiff has been holding its meetings there. The rooms have been kept locked and the general public excluded therefrom.

In 1930 engineers of the former city used the rooms and, because this practice interfered with the use of the rooms by the veterans, the town held a meeting in 1931 at which the following resolution was adopted: "Resolved, that the G.A.R. Memorial Hall in the Town Hall Building of the Town of Stamford be and is hereby set aside as a perpetual Memorial Hall to the G.A.R. and that said Memorial Hall may be used as a meeting place for organizations whose membership is composed of former soldiers, sailors and/or marines who have served the United States in time of war, together with their affiliated organizations and auxiliaries, and further that said Memorial Hall be used for no other purpose." On February 6, 1950, the board of representatives of the city of Stamford, which, it is conceded, has succeeded to all the powers of the former town meeting so far as the subject matter of the present controversy is concerned, adopted a resolution which purported to rescind the resolution quoted above. In the summer of 1952 the city installed office furniture in the rooms and is now using them for office purposes. This will prevent their use by the plaintiff and other veterans' organizations.

The basic claim of the plaintiff in the trial court was that the resolution adopted by the town meeting in 1931 and the subsequent usage of The G.A.R. Memorial Hall by the plaintiff and other veterans' organizations constituted a permanent dedication of the rooms to that use and that, therefore, the city could not effectively rescind the resolution and use the rooms for other purposes. The court concluded that this claim was not well founded and rendered judgment for the defendants.

The power to adopt a resolution carries with it the power to rescind it unless irrevocable rights and obligations have been created by the original resolution. *Madison* v. *Kimberley,* 118 Conn. 6, 11, 169 A. 909. Consequently, the determinative question in this case is whether the 1931 resolution created any irrevocable right in the plaintiff either as an individual or as a representative of members of the general public. It is clear that the 1931 resolution did not constitute an express grant to the plaintiff of any individual rights. The resolution is subject to rescission, therefore, unless its provisions, plus the conduct of the town in throwing the rooms open to use by veterans' organizations, created irrevocable rights in the general public.

The resolution divides itself into two parts. First, it sets aside the two rooms as a perpetual memorial to the Grand Army of the Republic, and, second, it directs that the rooms may be used exclusively as a meeting place for veterans' organizations. The two parts are separable. We are concerned only with the question whether the city is bound by the second part of the resolution. The question is whether that constituted an irrevocable dedication of the rooms to the use of veterans' groups.

The plaintiff's argument is based on a claimed

analogy between this so-called dedication of two rooms and the dedication of a strip of land by a private owner for highway purposes. It contends that, just as the owner of land is bound by his conduct showing an intent to throw open his land as a highway plus the acceptance thereof by the public, so the town, and now the city, of Stamford is bound, by its resolution plus the use of the rooms by veterans, to permit the continuance of that use. The town must, so the plaintiff says, be held to have dedicated the rooms permanently to the use of veterans exclusively.

A municipality may dedicate real property to a specific public use. *Hartford* v. *Maslen,* 76 Conn. 599, 611, 57 A. 740. When once so dedicated, the property may not be diverted to another use inconsistent therewith except as authorized by the legislature. *Evergreen Cemetery Assn.* v. *New Haven,* 43 Conn. 234, 241. Still less may it be diverted to a use which is not public. *Scofield* v. *Eighth School District,* 27 Conn. 499, 505; *Trustees of Philadelphia Museums* v. *Trustees of University of Pennsylvania,* 251 Pa. 115, 123, 96 A. 123. The theory upon which this principle rests, however, is not that any trust has been created. See *Winchester* v. *Cox,* 129 Conn. 106, 112, 26 A.2d 592. It is, instead, the theory of dedication in the technical sense, that is, the dedication which results when an owner of land devotes it to a public use and the public accepts that devotion. See *Johnson* v. *Watertown,* 131 Conn. 84, 89, 38 A.2d 1; *Kent* v. *Pratt,* 73 Conn. 573, 578, 48 A. 418.

If we assume that space within a public building is subject to dedication, that objective was not attained in the present case. To constitute such a dedication, one of the essential factors is that the use to which the landowner devotes his property must be a

public use. *California Academy of Sciences* v. *San Francisco,* 107 Cal. 334, 339, 40 P. 426; *Prentiss* v. *Gloucester,* 236 Mass. 36, 54, 127 N.E. 796; 4 Tiffany, Real Property (3d Ed.) p. 334; 16 Am. Jur. 349, § 5. That is, it must be for the use of the general, unorganized public and not for the exclusive use of restricted groups of individuals. Unless the use to which the property is devoted is a use open to the enjoyment of the unorganized public at large, there can be no binding dedication.

The vote of the Stamford town meeting, so far as it directed that the rooms be used exclusively by veterans' organizations, clearly did not devote the rooms to a use by the general public. The veterans' groups referred to are a restricted segment of the general public. They do not even include all veterans. They are private clubs. Such organizations, although they may advance the public interest, do not constitute the public at large, and use by them of the rooms is not public user. *Darby* v. *Otterman,* 122 Kan. 603, 607, 252 P. 903; *Kingman* v. *Brockton,* 153 Mass. 255, 257, 26 N.E. 998; *Powell* v. *Thomas,* 214 S.C. 376, 383, 52 S.E.2d 782.

The plaintiff contends that inasmuch as veterans' organizations promote patriotism they serve a public purpose. From that it argues that the use by them of the rooms in question is a public user. That is a non sequitur. There is a clear distinction between a public purpose which, as held in the cases cited by the plaintiff, may justify under the constitution legislation which authorizes the expenditure of public funds, on the one hand, and, on the other, a use by the unorganized general public, which is the use to which property must be devoted if a dedication is to be spelled out. In the present case we are not concerned with the question whether the town of Stam-

ford might have been enjoined from allowing the veterans to use the rooms in the first instance. We are concerned only with the question whether the devotion of the rooms to that use by the vote of 1931 and the acquiescence in that use by the town and city constitute a permanent dedication of the rooms to that use. Inasmuch as the use to which the rooms have been devoted is a use not to be enjoyed by the public at large, but only by groups limited in their membership, there has been no irrevocable dedication to that use.

There is no error.

In this opinion the other judges concurred.