[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for a writ of mandamus to require the CT Page 8289 Chairman of the Brookfield Planning Commission to sign a document called an Application for Department Approval. The dispute centers on whether a reconfiguration of lot lines on two parcels owned by the plaintiffs resulted in a valid building lot, or whether resubdivision approval was required from the Brookfield Planning Commission. The defendant has filed a motion for summary judgment claiming that under the facts of this case the plaintiffs are not entitled to judgment as a matter of law.
In support of the motion, the defendant has filed copies of maps showing the plaintiffs' property, letters and deeds. In opposition to the motion, the plaintiffs have also filed maps and deeds, and both sides have filed affidavits. A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578. There will be no extensive discussion of the facts here because there is no material, disputed factual issue.
The plaintiffs' predecessor in title was the owner of Lot 16 and a parcel designated "park" on a map dated May, 1945 but not recorded in the Brookfield Land Records until February 16, 1962. The map was prepared prior to the adoption of zoning in Brookfield, but it is unclear from the record whether it was recorded before the zoning regulations became effective. The map is not a subdivision approved by the Planning Commission under sections 8-25 and 8-26 of the General Statutes. The plaintiffs' predecessor in title combined a portion of the park parcel with Lot 16 to create a new lot shown on a map dated May 8, 1988. The plaintiffs acquired title to both the new enlarged Lot 16 and the remainder of the park parcel on June 16, 1988. When the proposed use of the property by the plaintiffs came to the attention of the Brookfield Planning Commission, it referred the matter to its attorney for an opinion as to the status of the lot and the adjacent park area. The town attorney responded in a letter dated October 5, 1988, pointing out the definition of resubdivision in section 8-18 of the General Statutes, and indicating that the Commission had to determine whether the area in question was dedicated as a "park." The letter assumed that the map had been approved by the New Fairfield Planning Commission before the land shown on it was annexed to Brookfield. Proceeding on that assumption, the letter concluded that if the questioned area on the map was CT Page 8290 a park, it required resubdivision approval from the Planning Commission, but if it was not a park the Planning Commission would not have jurisdiction over the proposed division. On January 19, 1989, the Planning Commission decided that the proposed addition of part of the "park" parcel to Lot 16 was a resubdivision under section 8-18 of the General Statutes, and notified the plaintiffs of that finding by letter dated January 25, 1989.
Whether or not a division of land is a subdivision or resubdivision is partially a question of fact to be determined by the Planning Commission, although it must follow the definition of those terms in section 8-18 of the General Statutes. Peninsula Corporation v. Planning Zoning Commission, 151 Conn. 450, 452.
Resubdivision is defined in section 8-18 as follows:
 "[A] change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map . . . ."
Subdivision is also defined in section 8-18 and only applies when there is a division of land subsequent to the adoption of subdivision regulations by the Planning Commission, so prior divisions, including lots shown on recorded maps prior to the adoption of planning in the municipality, are not subdivisions. The record here is unclear whether the 1945 map, recorded in 1962, was a subdivision. If it was not, the change in the park area would not be a resubdivision as defined in section 8-18, because a resubdivision only occurs with a change in a map of an approved or recorded subdivision. Beninato v. Zoning Board of Appeals, 8 Conn. App. 556, 559. On the other hand, if the original map was a subdivision, the material question here is whether the change in the map, by enlarging Lot 16 to include part of the park parcel, changed an area reserved on the map for public use as claimed by the Commission. The plaintiffs argue that an area for public use means "the use of the general, unorganized public and not for the exclusive use of restricted groups of individuals." Central Veterans' Assn. v. Stamford, 140 Conn. 451, 456. They argue that the park parcel always remained in private ownership and that it has not been used by the general, unorganized public. The defendant counters that a deed from the original developer in 1987, stating that the intention of the deed was "to remove any CT Page 8291 designation connoting a public use" indicates that the park was an area reserved for public use so that consolidation of part of the park area with Lot 16 was a resubdivision.
It is not appropriate or necessary to resolve this factual question in this action.[1] Section 8-26 gives the Planning Commission "the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision" as defined in section 8-18. This is a factual determination, and the Superior Court cannot substitute its discretion for it unless the decision was arbitrary, unreasonable or illegal. Molic v. Zoning Board of Appeals,18 Conn. App. 159, 164-166.
While the Commission's decision here that division of the park area into two parcels was a resubdivision is questionable, there is another obstacle to the plaintiffs' request that the court second- guess the Commission and find that the "park" is not an area reserved on the map for public use. Section8-28 (a) of the General Statutes required in January 1989 that "notice of all official actions or decisions of a planning commission, not limited to those relating to the approval or denial of subdivision plans, shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision," and that any person aggrieved by an official action or decision of a planning commission could appeal to the Superior Court within fifteen days from the date when the notice of the action or decision was published. It is not clear from the pleadings or documents submitted on the motion for summary judgment whether the Planning Commission published a legal notice of its decision on January 19, 1989 that the division of the park property was a resubdivision. If a publication occurred, the plaintiffs have failed to exhaust available administrative remedies by taking an appeal from the Commission's decision to the Superior Court under section 8-28. Instead, they requested the defendant to sign off on a new Application for Department Approval on June 1, 1989 and commenced this mandamus action when he refused to do so. "[W]hen a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Carpenter v. Jones, companion case to Carpenter v. Planning 
Zoning Commission, 176 Conn. 581, 598 (objectors to a subdivision could not bring an injunction action when they failed to take a timely appeal under section 8-28). See also Merlo v. Planning Zoning Commission, 196 Conn. 676; Butzgy v. Glastonbury, 203 Conn. 109, 119. Where there is an adequate remedy at law in the form of an administrative appeal, it cannot be by-passed by bringing a mandamus action. Beninato v. CT Page 8292 Zoning Board of Appeals, supra; Sampietro v. Board of Fire Commissioners, 200 Conn. 38, 42.
In addition, mandamus can only be granted when (1) the law imposes on the party against whom the writ is issued the duty to perform an act which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no specific adequate remedy. Golab v. New Britain, 205 Conn. 17, 20; Vartuli v. Sotire, 192 Conn. 353, 365. Stated another way, the writ of mandamus is designed to enforce a plain, positive duty upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy. Milford Education Assn. v. Board of Education, 167 Conn. 513,518. Mandamus is not granted where there are doubtful or contested rights. Simons v. Canty, 195 Conn. 524, 533; McAllister v. Nichols, 193 Conn. 168, 171.
It is questionable whether the plaintiffs have the right to a writ of mandamus, but in order to be entitled to a summary judgment, even if there is no genuine issue as to any material fact, the moving party must prove it is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
In order to determine the rights of the parties, there are two material factual questions that must be resolved: (1) whether the original map was a subdivision map, and (2) whether and when the Commission's decision of January, 1989 was published. If the Commission did not publish a decision within the statutory time limit, its determination that the division of the property in 1988 was a resubdivision would be void. Akin v. Norwalk, 163 Conn. 68, 72-74. Publication of notice of a decision is required for a party to challenge it by an appeal under section 8-28.
The motion for summary judgment is denied without prejudice to refiling it with evidence on the unresolved material issues.
Robert A. Fuller, Judge