The Honorable Don Sallee State Senator, First District Rt. 2 Troy, Kansas 66087
Dear Senator Sallee:
As senator for the first district, you request our opinion as to whether private individuals and schools can contract with the county for road, street and driveway work.
We will assume from your letter that the private individuals or schools are wanting the county to use county personnel and equipment for this work and that the individuals and schools are not seeking to rent or hire the machinery or equipment. As stated in Attorney General Opinion No. 90-91:
 "K.S.A. 68-141a prohibits a board of county commissioners or board of township trustees from renting or hiring machinery or equipment for private use except when that use is for road clearing purposes."
Attorney General Opinion No. 73-96 discussed whether the city could install asphalt surfacing on property owned by public school and religious organizations. Citing State ex rel. Mellott v. Mason,126 Kan. 43 (1928); State ex rel. Smith v. Hiawatha, 127 Kan. 183
(1928); State ex rel. Logan v. Allen, 133 Kan. 376 (1931); and Glen W.Dickinson Theatres, Inc. v. Lambert, 136 Kan. 498 (1932), the opinion held that:
 "installation of asphaltic paving by the city on private property was tantamount to a commercial enterprise which was prohibited to municipal operations.
 "Certainly, it may be urged that providing such a service to a unified school district or to non-profit religious or charitable groups serves a public purpose. In a very broad and general sense, this may be so. However, the `public' purpose to be served must be that of the city itself. It is not sufficient that an undertaking of the city may benefit another political subdivision or governmental entity, such as here by providing and installing low-cost surfacing materials, if that undertaking remains essentially a commercial activity. In my view, the city would be acting in the role of a commercial entrepreneur in extending the services of its hot-mix plant and equipment to other consumers, whether public governmental entities or private persons and businesses on a cost-plus basis."
The objection to having a government entity do private street and road work is based on the premise that:
 "While [a municipality] is vested with full power to do everything necessarily incident to a proper discharge of those public functions, no right to do more can ever be implied. In the absence of express legislative sanction, it has no authority to engage in any independent business enterprise or occupation such as is usually pursued by private individuals." McQuillin, Municipal Corporations, § 36.02 (1986).
A board of county commissioners has the authority to expend funds on private entities if the expenditure is deemed to serve a public purpose. K.S.A. 19-212. See also Ullrich v. Board of Thomas County Commissioners, 234 Kan. 782 (1984). However, absent statutory authority or a public purpose we opine that the county may not contract with private individuals and/or schools for the purposes of securing road, street and driveway work.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General