Steven W. Hirsch Oberlin City Attorney 124 South Penn, P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
You request an opinion regarding the ability of a city to rent city equipment to individuals for private purposes. You indicate that the City of Oberlin rents bucket trucks, backhoes and other city equipment to private citizens as well as city employees for private use.
Prior to 1960, Kansas appellate courts generally disapproved of a city's leasing public property to individuals for private purposes because such action violated "Dillons Rule."[1] Dillons Rule prohibited municipal corporations from exercising any powers except those expressly granted by the Legislature or incident to the powers expressly granted. In a series of cases, the Kansas Supreme Court held that cities had no statutory authority to lease publicly financed buildings to private individuals for private purposes.[2] Moreover, in a case involving a city leasing part of a military memorial building to an individual who operated a movie theatre, the Court opined that even if such authority existed, it would offend public policy that frowned on cities engaging in commercial endeavors:
 "Aside from the consideration that the statute does not expressly or impliedly authorize municipalities to carry on the business in which defendants are engaged, we think that it is repugnant to our state policy as evidenced by the constitutional, statutory and common law of the state." ['It] has been the policy of our government to exalt the individual rather than the state, and this has contributed more largely to our rapid national development than any other single cause. Our constitution was framed and our laws enacted with the idea of protecting, encouraging and developing the individual enterprise, and if we now intend to reverse this policy and to enter the state as a competitor against the individual in all lines of trade and commerce, we must amend our constitution and adopt an entirely different system of government.'"[3]
The Home Rule Amendment[4] to the Kansas Constitution trumped Dillons Rule by specifically empowering cities to "determine their local affairs and government,"[5] by enacting ordinary ordinances provided that state law does not preempt or conflict with local legislation. In Attorney General Opinion No. 87-88, Attorney General Robert T. Stephan concluded that the Home Rule Amendment allowed a city to lease public park land to a private individual for the development of a recreational facility provided that there was a public purpose in doing so.
Regarding the propriety of cities engaging in commercial enterprises, General Stephan noted, in another opinion, that while prior court decisions had prohibited political subdivisions from engaging in commercial enterprises, there is no objection when a public purpose is demonstrated.[6]
We find no statutes that specifically address a city's authority to rent equipment such as backhoes and bucket trucks to individuals for private use. Therefore, it is our opinion that the Home Rule Amendment would allow a city to do so. However, a city cannot escape its obligation to ensure that renting city equipment to private individuals for private use is for a public purpose.
The seminal cases that address a municipality's use of public funds for a public purpose are Ullrich v. Board of County Comm'rs of Thomas County[7] and Duckworth v. City of Kansas City, Kansas.[8] In Ullrich, the Kansas Supreme Court upheld a statute authorizing the transfer of assets from the county hospital to a private association because such transfer was for a public purpose. The Court recognized that a state may appropriate public money or property for private individuals if the public welfare is promoted. "If the purpose of the expenditure of public money is legitimate because for a public purpose, it will not be defeated because the execution of it involves payments to individuals or private corporations."[9] Moreover, the Court opined that it would defer to the governing body the question of what is a public purpose:
 "What is for the public good or what are public purposes for which appropriations may be made are questions which the legislature must in the first instance decide. In determining those questions, a state legislature is vested with a broad discretion, which cannot be controlled by the courts, except when its action is clearly evasive or violative of a constitutional provision. It has been said that a strict formula to determine public purposes for all times cannot be formulated, since the concept expands with the population, economy, scientific knowledge, and changing conditions. As people are brought closer together in congested areas, the public welfare requires governmental operation of facilities which were once considered exclusively private enterprises, and necessitates the expenditure of tax funds for purposes which were not classified as public.
 "What is a public purpose for which public funds may be expended is not a matter of exact definition, and the line of demarcation is not immutable or incapable of adjustment to changing social and economic conditions that are properly of public and governmental concern."[10]
In Duckworth, the Court, citing Ullrich, concluded that the City of Kansas City could loan public moneys to an individual who planned to use the funds to remodel a building in the blighted downtown area. The Court noted the City's resolution authorizing the loan stated that the purpose was to revitalize the central business district by improving the appearance of the neighborhood which the Court found to be a legitimate public purpose.
In Attorney General Opinion No. 93-1, Attorney General Robert T. Stephan concluded that, absent a public purpose, a county could not contract with an individual to provide county personnel and equipment to perform private road work.
We do not have any information concerning the City of Oberlin's practice of renting equipment to private individuals for private uses and, therefore, we cannot opine regarding whether such use is for a public purpose. In the absence of a public purpose, it is our opinion that a city cannot rent city equipment to private individuals for private use.
You also inquire whether the public purpose doctrine distinguishes between moneys generated from general tax funds and moneys derived from other kinds of public funds such as utility funds. While there are no Kansas appellate court decisions that address this point, it is our opinion that public funds, regardless of their origin, can only be used for public purposes. Moreover, in some cases, certain public funds can be used only for specified purposes set forth in statute or in other guidelines.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Dillon, Municipal Corporations, § 237 (5th ed. 1911).
[2] State, ex rel. Mitchell v. City of Coffeyville, 127 Kan. 663
(1929); State, ex rel. Smith v. City of Hiawatha, 127 Kan. 183 (1928);Darby v. Otterman, 122 Kan. 603 (1927).
[3] 127 Kan. at 186 (citation omitted).
[4] Kan. Const., Art. 12, § 5.
[5] Id. at § 5(b).
[6] Attorney General Opinion No. 83-90: city may pool its oil and gas rights with private individuals where public purpose shown.
[7] 234 Kan. 782 (1984).
[8] 243 Kan. 386 (1988).
[9] 234 Kan. at 788-789.
[10] 234 Kan. at 789.