## THE TOWN OF HAMDEN *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Under General Statutes, § 2315, all property held by municipalities for public use is exempt from taxation, although located in another town which claims the right to tax it. The devotion of the property to a public use, and not the benefit accruing to the public from such use, is the sole ground of the exemption.

The care of the town poor is a public governmental duty, and therefore land used in connection with the poorhouse and reasonably necessary for the maintenance and support of its inmates is exempt from taxation; and the mere fact that the surplus products of the farm, if any, are sold from time to time, does not in anywise change the public purpose of the undertaking nor render the land taxable.

In purchasing land for a town farm the municipality is not confined to present, immediate needs, but may make reasonable provision for future requirements; and whatever a town may reasonably hold for a farm it may cultivate.

The question of what amount of land is reasonably necessary for pas-

turage and what for growing crops, is one of fact for the determination of the trial court.

A statute which expressly permits a school district to tax a town almshouse and farm within its limits (§ 2416), clearly implies that the property is not taxable for any other purpose.

Under the statute (§ 2299) real estate must be listed in the name of its record owner in order that a tax thereon may be recovered in a suit against him.

Land originally purchased by a municipality for a public purpose which it soon abandoned without putting the property to any public use for years thereafter, is taxable, at least during the period of such abandonment and nonuser.

Argued April 10th—decided June 1st, 1917.

ACTION to recover taxes on three pieces of land owned by the defendant and located in the plaintiff town, brought originally to the Town Court of Hamden and thence by the defendant's appeal to the Court of Common Pleas in New Haven County and tried to the court, *Simpson, J.;* facts found and judgment rendered for the plaintiff with respect to the taxes laid upon one of the pieces of land, and for the defendant with respect to the other two, from which each party appealed. *No error on either appeal.*

*Charles F. Clarke,* for the appellant (plaintiff).

*Charles Kleiner* and *Henry H. Townshend,* for the appellee (defendant).

WHEELER, J. The town of Hamden sues to recover for taxes assessed on three pieces of real estate located in Hamden, just over the dividing line between New Haven and Hamden, and adjacent to the Springside farm, which, in connection with the Springside Home, is owned and operated as a town poorhouse and farm for paupers belonging to the town of New Haven.

The first piece, called the Merchant piece, was purchased April 1st, 1885, by the town of New Haven,

and ever since has been used in connection with Springside farm for the purpose of pasturage, and was reasonably necessary for that purpose. The third, or Martino piece, was purchased in 1903, by the city of New Haven, and has ever since been used for pasturage and for growing crops for the use of the inmates of the poorhouse, and for stock kept on the farm, and it was reasonably necessary for those purposes. The second, or Thomas piece, was purchased in 1892, by the town of New Haven, for the purpose of providing a water-supply for the poorhouse and farm, but this purpose proving impracticable, it was abandoned, and for twenty years this piece has not been used for any purpose, and has remained rocky woodland covered with scrub oaks.

The city of New Haven, by consolidation with the town of New Haven, became vested with the town's property prior to December 7th, 1897, and liable for all debts which were enforceable against the town.

All of the products raised on the farm were consumed upon the farm, except a small quantity of hay which was used by the department of public works of the city. Some of the livestock raised, in excess of the needs of the farm, was sold. Upon the farm was conducted a piggery, supported by the city of New Haven and maintained for the purpose of consuming the garbage collected in the city. The products of the piggery amounted to $18,000 annually, and about two thirds of these were consumed by the inmates of the poorhouse and one third sold in the market.

The defendant claims that all of these pieces of land were exempt from taxation because used for public purposes only. The plaintiff claims that none of these pieces were exempt, because their use was not for a public purpose and could be of no benefit to the town of Hamden, and in effect would compel Hamden to

share the support of New Haven's paupers. The trial court held that the first, or Merchant piece, and the third, or Martino piece, were exempt from taxation, and that the second, or Thomas piece, was not exempt.

General Statutes, § 2315, as construed by our court in *West Hartford* v. *Water Commissioners*, 44 Conn. 360, 368, exempts from taxation all property held by municipalities for public use. And this rule obtains, although the property belonging to one town is located in another town which claimed the right to tax it. In either case the property will be exempt when it is used for, or employed in, a public use. The devotion of the property to a public use is the sole ground of the exemption. *West Hartford* v. *Water Commissioners*, 44 Conn. 360, 368; *New London* v. *Perkins*, 87 Conn. 229, 233, 87 Atl. 724.

Counsel for the town of Hamden advance the theory that the principle behind an exemption from taxation of the property of one town located in another town, is a benefit accruing to the public from the public use to which the land is put, and that the absence of such benefit removes the foundation for such exemption. With us this theory has never had a foothold. The main reliance of the plaintiff is upon the case of *Newport* v. *Unity*, 68 N. H. 587, 593, 44 Atl. 704. The point decided related to the statute of New Hampshire. The argument of the opinion supports the principle contended for, but the court expressly notes that our decision in *West Hartford* v. *Water Commissioners*, holds that the property is exempt from taxation "because it is used for public purposes." This is the principle of our decisions and it conflicts directly with the New Hampshire doctrine.

The plaintiff's appeal is to be decided by ascertaining whether the uses of the Merchant and Martino pieces were for a public purpose. Our statutes providing

for the care of the poor were framed in the humane purpose "to prevent as far as possible any person, under any circumstances, from suffering for the necessaries of life." General Statutes, §§ 2476–2492. The charter of New Haven (13 Special Laws, p. 447) § 202, fulfils a similar purpose. Beyond question this is a public purpose and a legitimate exercise of governmental power. The statute, § 2490, expressly authorizes the maintenance of poorhouses for the poor, and the charter of New Haven expressly makes all statutory provisions concerning town poorhouses applicable to the city of New Haven. The town of Hamden contends that New Haven is without authority to own or operate a town farm, and that such operation is consequently not for a public purpose. Assuming that this question is open for consideration in a proceeding to collect a tax, we find ample warrant in the provision of the charter (13 Special Laws, p. 448) § 204: "Said board shall have power to employ and discharge a manager of Springside farm and home," etc. Here is an implied authority to maintain this farm. Town farms have been operated in connection with our poorhouses from an early day. The inmates of the poorhouses have worked upon these for the production of food for themselves. This not only gave the inmates healthy work, but it helped make them self-supporting and thus far relieved the town of its burden of support. To provide food for the poor in this way is as much a public purpose as to provide shelter in the poorhouse. The duty of caring for the poor, imposed by our statute upon our towns, may be performed in every reasonable way and by the use of every reasonable means. The town farm is a reasonable way and means for furnishing support for the poor.

The sale of some of the produce of the farm and of the products of the piggery were incidents to the main purpose, the support of the poor. The town and city

were not intent on conducting a business for profit. They were merely disposing of their surplus production. What was sold in no way changed the public purpose of the undertaking. Its sale made production cheaper, and enabled the farm to be more thoroughly cultivated and used than it would otherwise have been. The extent of the land which the town might purchase for a farm is not to be confined to present immediate needs, but may include reasonable provision for future requirements; and whatever the town may reasonably own for a farm it may cultivate, and whatever of products it raises thereon beyond its needs it may dispose of. *White* v. *Stamford*, 37 Conn. 578; *Camden County* v. *Washington Township*, 60 N. J. L. 367, 37 Atl. 623.

The use of the Merchant and Martino pieces, as a part of the farm for pasturage, was necessary for pasturage for the farm, and the use of the rest of the Martino piece for growing crops for the inmates of the poorhouse, and for the stock kept upon the poor farm, is found to have been reasonably necessary for these purposes. This finding settles the question of their public use.

We cannot anticipate disaster to the towns, as the plaintiff does, by such withdrawal of property from taxation. Experience has shown that the property owned by one town and located in another town and devoted to a public use is limited. If it were otherwise, the General Assembly could, and no doubt would, restrict such ownership; and if, in any instance, the exempt property unreasonably reduced the area of property available for taxation, no doubt the General Assembly would correct the public injustice. And so, too, the character of the public use might lead the lawmaking power to expressly provide for the taxation of land subject to this use in another town. Chapter 247 of the Public Acts of 1907, p. 856, is an instance

where land in one town, devoted to sewage disposal for a municipality, is made taxable in the town of its location. For one purpose, only, have we expressly subjected any town almhouse and farm to taxation. General Statutes, § 2416, provides: "When any school district having within its boundaries any town almshouse and farm, shall impose any tax for the purpose of building or repairing its schoolhouse, said real estate owned by the town shall not be exempt from such taxation." The express limitation of taxation of any town almshouse and farm for one purpose, is a plain indication that it is not taxable for any other purpose. No statutory indication of an intent to tax land devoted to the public uses of a town poorhouse and farm appearing, the ordinary rule of tax exemption is to be applied. The Merchant and Martino pieces are within the rule of exemption.

The taxes upon the Martino piece are not collectible for another reason. This property was transferred directly to the city of New Haven: it was never owned by the town of New Haven. These were independent municipal entities. The taxes sought to be recovered were assessed in the name of the town of New Haven. Real estate must be "set by the assessors in the list of the party in whose name the title" thereof stood "on the land records." General Statutes, § 2299. The assessment against the town of New Haven of land owned by the city of New Haven was void. *Hellman* v. *Burritt*, 62 Conn. 438, 26 Atl. 473; *Meyer* v. *Trubee*, 59 Conn. 422, 22 Atl. 424.

The defendant appeals from the judgment for taxes accrued upon the second, or Thomas piece. This piece was purchased for a public purpose, but this purpose was soon abandoned, and, so far as the record shows, the city of New Haven has never contemplated any past, present or future use of this piece. "For more

than twenty years," the finding recites, "prior to the bringing of this action, said second piece of land had not been used for any purpose by said Springside Home, or Springside farm, or by the city and town of New Haven." Since the abandonment of the purpose for which it was purchased this piece of land has not been devoted to a public use, nor during any of the years covered by the taxes, the recovery of which is sought, did the city have or contemplate its devotion to a public use. The trial court was clearly right in holding that this piece was not exempt from taxation during this period.

There is no error on either appeal.

In this opinion the other judges concurred.