THE SACHEM'S HEAD PROPERTY OWNERS' ASSOCIATION *vs.* THE TOWN OF GUILFORD (APPEAL FROM BOARD OF RELIEF).

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 30th, 1930—decided January 13th, 1931.

*J. Birney Tuttle,* for the plaintiff.

*Robert C. Stoddard,* for the defendant.

HINMAN, J. Many of the facts material to the present inquiry were involved in *Guilford-Chester Water Co.* v. *Guilford,* 107 Conn. 519, 141 Atl. 880, and were summarized in the statement of that case (p. 521 *et seq.*), which included an outline of the objects and powers of the plaintiff association as set forth in its charter, the situation formerly existing as to water supply, the steps taken toward providing such a supply, the contract entered into with the water company (then and now referred to as Exhibit B), and the acts done under and pursuant thereto. It was decided in that case that the water mains are personal property, that the contract effected a sale thereof by the water company to the present appellant, with a lease to and right of repurchase in the water company, and that the property was taxable, if at all, against the association, as such owner. The question as to whether it is so taxable (not then determined, as the association was not a party) is presented by this appeal.

The water supply system owned by the plaintiff consists of a main extending from the association boundary line to Jones Bridge where it connects with the mains of The Guilford-Chester Water Company— the only available source of supply; mains within the territorial limits of the association; also a main extending beyond and outside the limits of the association to Vineyard Point, the residents of which use water from the system, paying the same rates as inhabitants of the association district. It is agreed that if this system, or any of it, is held to be taxable, a fair apportionment of the total assessment of $25,000 would be $10,000 upon the mains within the territorial boundaries of the association, $12,000 upon the

main extending from the boundary to Jones Bridge, and $3,000 upon the extension to Vineyard Point.

The questions propounded upon this reservation may be stated in condensed form as follows: Is The Sachem's Head Property Owners' Association a municipal corporation within the meaning of Chapter 319 of the Public Acts of 1927? Is all of the water system hereinbefore described exempt from taxation by the town of Guilford by virtue of subdivision 4 of § 1 of that Chapter? Are any of the water mains installed in accordance with the contract, Exhibit B, taxable by the town of Guilford against The Sachem's Head Property Owners' Association? If some of the mains so installed are taxable, what mains are taxable and what are not?

The appellant association contends that all of these mains are exempt from taxation under the provision of § 1 of Chapter 319 of the Public Acts of 1927 (now § 1163 of the General Statutes), that "(4) except as otherwise provided by law, property belonging to . . . a municipal corporation of this State and used for a public purpose" shall be exempt from taxation. The first question raised is whether the association is a municipal corporation within the purview of this statutory provision. The attributes which are generally regarded as distinctive of and constituting a municipal corporation are possessed by this association to an extent amply sufficient to bring it within that designation. It is created by charter from the State. Special Laws, 1921, p. 866. A community of prescribed area is thereby constituted a body politic and corporate, with corporate name and continuous succession, for the purpose and with the authority of subordinate self-government and improvement to regulate local and internal affairs of the designated territory, through officers selected by the corporation.

1 McQuillin on Municipal Corporations (2d Ed.) § 126; 1 Dillon on Municipal Corporations (5th Ed.) §§ 31, 32; 43 Corpus Juris, p. 65. Its status as such municipal corporation is not affected, as the appellee urges, by the facts that its territorial limits are embraced within those of the town of Guilford and that the latter retains and exercises certain governmental functions in the same territory. The situation is analogous to instances, not infrequent in this State, such as where a city is contained within, or coterminous in territory with, a town; as in such situations, both the town and the association are municipalities, possessing individual although somewhat interrelated attributes, and each performing different functions and duties and exercising distinct powers. *Stamford* v. *Stamford,* 107 Conn. 596, 603, 141 Atl. 891; *Russell* v. *Middletown City School District,* 101 Conn. 249, 263, 125 Atl. 641. The extension, by the charter, of voting powers to owners of real estate, as well as electors of the town residing within the association limits, the provision for voting by proxy, and the basing of tax assessments upon valuations fixed by the assessment list of the town as to real estate within the district, are not sufficient to deprive the appellant of proper characterization as a municipal corporation.

We next consider whether the use made of the property is that which the statute contemplates. It is not open to question that a municipal water system, provided under and pursuant to legislative authority, which furnishes water for fire protection and other municipal purposes and to individual inhabitants of the municipality for compensation, is used for a public purpose, and entitled to exemption as such. *North Haven* v. *Wallingford,* 95 Conn. 544, 548, 111 Atl. 904; *West Hartford* v. *Water Commissioners,* 44 Conn. 360, 369; *Stiles* v. *Newport,* 76 Vt. 154, 56 Atl. 662; *Sum-*

*ner County Commissioners* v. *Wellington*, 66 Kan. 590, 72 Pac. 216, 60 L. R. A. 850. The 1925 amendment of the association's charter authorized it to supply its residents with water for domestic uses and for fire protection. Special Laws, 1925, p. 980. The mains located within the association limits are devoted to this use and, clearly, are entitled to the exemption. Also, since the main extending from the boundary to Jones Bridge cannot be regarded otherwise than as a necessary part of the plant and system for furnishing water to the district and its inhabitants, it, too, is employed for the authorized public purpose and is exempt. *Norwalk* v. *New Canaan*, 85 Conn. 119, 126, 81 Atl. 1027; *Field* v. *Guilford Water Co.*, 79 Conn. 70, 63 Atl. 723.

The same considerations do not obtain as to the mains extended beyond the association boundaries to and in Vineyard Point. The authority granted by the General Assembly was limited to the purpose of supplying water to residents of the district, and did not include, either expressly or by fair implication, the further undertaking of furnishing water outside the limits of the association territory. While it is a fair inference that the prospective patronage of residents of Vineyard Point and voluntary contributions made by them toward the cost of the mains afforded some inducement for this extension of the system, neither this nor any other fact disclosed by the record renders it such an inseparable or necessary part or essential adjunct or incident of the plant of the enterprise authorized by the association's charter as to bring it within the scope of the principle which we have held to be applicable to the main connecting the system with the source of supply at Jones Bridge. Moreover, the reasoning upon which the furnishing of water to inhabitants within the association limits is held to

constitute a public use fails as to provision for residents in Vineyard Point. The association owes no municipal duty to the latter community and has no municipal interest there; because of this want of municipal relation, the distribution of water therein cannot be regarded as a use by the association for a public purpose, within the meaning of the statute. These mains constitute a branch system, outside of the corporate limits, devoted to the needs of another community, and not used or available for its own municipal service, or incidental thereto in any such sense as to affect the present inquiry. *Stiles* v. *Newport,* 76 Vt. 154, 171, 56 Atl. 662, 666, 667. Therefore they do not come within the right of exemption provided for by (4) of § 1 of Chapter 319 of the Public Acts of 1927 or the exception in § 1156 as to municipal water supplies. Section 1157 relates solely to land and is not applicable. *Norwalk* v. *New Canaan,* 85 Conn. 119, 126, 81 Atl. 1027. Therefore these pipes are taxable. *Hamden* v. *New Haven,* 91 Conn. 589, 596, 101 Atl. 11.

Our conclusions may be summarized and our answers to the questions reserved stated as follows: The Sachem's Head Property Owners' Association is a municipal corporation within the meaning of Chapter 319 of the Public Acts of 1927; the mains within the territorial limits of the association and the main extending from the boundary to Jones Bridge are exempt from taxation; the mains beyond the boundary, extending to Vineyard Point, are taxable, against the appellant, by the town of Guilford.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.