PATSY MASTRONE
vs.
CITY OF BRIDGEPORT

Superior Court     Fairfield County     File #48548

Present: Hon. ERNEST A. INGLIS, Judge.

Jacob H. Bellin,            Attorney for the Plaintiff.

Ogden Marsh,            Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 1, 1935.

INGLIS, J. The gist of the complaint in this action is that the plaintiff has been injured by the negligence of one Dodge of the Welfare Department of the defendant City in failing to present to the City a notice of the plaintiff's claim for workmen's compensation after he had assured the plaintiff that the matter would be taken care of and that in this matter Mr. Dodge was acting as the agent of the defendant City.

Whether or not Mr. Dodge in the course of his conduct complained of was acting as the agent of the City and within the scope of his authority is a question of fact which can not be passed upon on demurrer. It would seem extremely doubtful that an official in a welfare department would be authorized as such to undertake to press a claim for workmen's compensation against his principal. Whether he is so authorized, however, depends upon the city charter and ordinances and other facts and is not a question of law until all of those facts are alleged.

Nicholaus vs. Bridgeport, 117 Conn. 398.

In the same manner the question as to whether after Mr. Dodge had assured the plaintiff that he would take care of his claim, he and through him the defendant City owed the plaintiff any duty to exercise reasonable care in that regard, is a question of fact.

It does appear, however, that if Mr. Dodge were authorized to act in this matter as the agent of the defendant City it

must have been in the performance of his duty as a member of the Department of Public Welfare. The duties of that department are purely governmental. The only imaginable reason why Mr. Dodge's duty as an agent of the City required him, or permitted him, to undertake to take care of the plaintiff's claims for compensation was that such was in furtherance of the Welfare Department's duty to take care of the poor. That is a governmental function.

**Hamden vs. New Haven, 91 Conn. 589.**

It is, of course, well settled that a municipal corporation is not liable for negligence of its agents occuring in the performance of a governmental duty.

**Carta vs. Norwalk, 108 Conn. 697.**

Whether or not the plaintiff's conduct in relying on Mr. Dodge's assurance that his claim would be taken care of was contributory negligence is also a question of fact which may not be decided on demurrer.

The demurrer is therefore sustained in the fifth ground therein stated.