THE LAUREL BEACH ASSOCIATION *v.* TOWN OF MILFORD

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 8—decided March 28, 1961

*Cleaveland J. Rice, Jr.,* with whom, on the brief, was *Charles M. Lyman,* for the appellant (plaintiff).

*Richard H. Lynch,* for the appellee (defendant).

Murphy, J. The plaintiff is the owner of certain properties in the town of Milford which the plaintiff claims are exempt from taxation by the town as property of a municipal corporation used for a public purpose. Both the assessor and the board of tax review of the town rejected the plaintiff's claim. The plaintiff appealed to the Court of Common Pleas, which rendered judgment adverse to the plaintiff, whereupon it appealed to this court.

The defendant by its answer admitted all but one of the allegations of the complaint. Upon these admissions and an oral stipulation, the case was submitted to the trial court. The complaint alleged, and the answer admitted, that the plaintiff was a municipal corporation specially chartered by the state of Connecticut; that it owned properties in the defendant town which were assessed for $63,610

and were used for parks, passways, a casino or clubhouse, a parking lot, tennis courts, a garage or storage shed and a ball field; that the plaintiff had filed an application for tax exemption with the town assessor, who nevertheless included the properties in the tax list; and that the plaintiff appealed to the board of tax review, which refused to make any change in the listing. The parties stipulated that the use of the properties was restricted to the members or invitees of the association and that the properties were not open to use by the general public as such. The court, in effect, decided that the restricted use of the properties was not a use for a public purpose which would exempt them from taxation and that therefore they were taxable.

Section 12-81 (4) of the General Statutes provides that "property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose" shall be exempt from taxation. The plaintiff has alleged, and the defendant has admitted, that the plaintiff is a municipal corporation which was specially chartered by Special Acts 1899, No. 148, as amended by Special Acts 1919, No. 297. 13 Spec. Laws 129; 18 id. 244. But this admission, alone, cannot control the disposition of this case. If the plaintiff's properties are not devoted to a public use, they are not exempt from taxation, even though it is admitted that the plaintiff is a municipal corporation. Devotion to a public use is the ground for such an exemption. *Hamden* v. *New Haven,* 91 Conn. 589, 592, 101 A. 11. The phrase in the statute "used for a public purpose" means a use open to the public, generally, as distinguished from a use available only to a restricted group of privileged individuals. *Central Veterans' Assn.* v. *Stamford,* 140 Conn. 451, 456, 101 A.2d 281. Instead of at-

tempting judicially to define what constitutes a public use as distinguished from a private purpose, courts usually have left each case to be determined upon its own peculiar facts. In the instant case, according to the stipulation, the people who can use the passways and parks, let alone the other facilities, are limited to members and invitees of the plaintiff. The general test of a public use is the right of the public to receive and enjoy the benefit of the use. *Barnes* v. *New Haven,* 140 Conn. 8, 15, 98 A.2d 523; see *Dawson* v. *Orange,* 78 Conn. 96, 119, 61 A. 101 (in which a public beach was described as one open to the common use of the public and which the unorganized public and each of its members had a right to use). On the record in the instant case and the stipulation as to the exclusion of the general public from the use and enjoyment of the plaintiff's facilities, it is impossible to spell out a use for a public purpose and so entitle the plaintiff to the exemption it seeks.

This case is clearly distinguishable from *Sachem's Head Property Owners' Assn.* v. *Guilford,* 112 Conn. 515, 152 A. 877, and *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 47 A.2d 849, upon both of which the plaintiff relies. The Sachem's Head association, like the plaintiff, was an organization of property owners and electors within a prescribed area of the town in which the association's property was located. A comparison of the charters of the two associations reveals that Sachem's Head, in addition to other privileges not enjoyed by the plaintiff, had the right to take and condemn land within the limits of the association for the purposes of fire protection, sewers and sewage disposal plants. 18 Spec. Laws 866, § 1. As Sachem's Head furnished water for fire protection and other public purposes, its water

supply system was held to be exempt from taxation. *Sachem's Head Property Owners' Assn.* v. *Guilford,* supra, 518. Laurel Beach enjoys no power of eminent domain. Such property as it acquires for the limited purposes of its organization can only be with the consent of the owners thereof. 13 Spec. Laws 129, § 4. The situation in *Fenwick* v. *Old Saybrook,* supra, was not at all comparable. Fenwick was organized as a borough within the town of Old Saybrook and not merely as an association. 13 Spec. Laws 231. It acquired its right as a borough to obtain land for park purposes under the provisions of what is now § 7-148 of the General Statutes as well as under its charter. 13 Spec. Laws 231, § 1. Section 7-148 applies not only to boroughs but to towns and cities. All of them are municipalities. See General Statutes § 7-425. Under its charter, Fenwick could assess benefits and damages for the taking of land for certain purposes, and the right of appeal was given to any aggrieved landowner. 13 Spec. Laws 239, 240, §§ 25-27. The charter also directed the town of Old Saybrook to turn over to the borough of Fenwick a proportionate share of the town tax revenue for the improvement and upkeep of the highways in the borough. Id., p. 241, § 28. Whether the park in Fenwick was exempt from taxation by Old Saybrook was not decided by us. The case was remanded to the trial court for a new trial to determine whether the use made of the park, including the golf course and tennis courts therein, by the residents of the borough, as well as the claimed use by others, was sufficient in amount and of such a character as to satisfy the statute providing for exemption from taxation of the property of municipal corporations used for a public purpose. *Fenwick* v. *Old Saybrook,*

supra, 30. As the language of city charters varies in many respects, cases involving the construction of some charters are not authoritative in determining the power under others. *Second North School District's Appeal*, 92 Conn. 193, 198, 102 A. 574.

There is no error.

In this opinion the other judges concurred.