SACHEM'S HEAD ASSOCIATION ET AL. *v.* DANIEL LUFKIN, COMMISSIONER OF ENVIRONMENTAL PROTECTION, ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 14—decision released April 22, 1975

*R. William Bohonnon*, with whom, on the brief, was *Gerald A. Heffernan*, for the appellants (plaintiffs).

*Brian E. O'Neill*, assistant attorney general, with whom, on the brief, was *Carl R. Ajello*, attorney general, for the appellee (named defendant).

BOGDANSKI, J.  This appeal by the plaintiffs, Sachem's Head Association, Winifred E. Anderson, and H. Milton Bullard, Jr., concerns the action of the defendant commissioner in issuing a permit to the defendant Madeline A. Greene to erect a seawall in the navigable waters of Sachem's Head Harbor in the town of Guilford.  The Superior Court heard evidence to clarify the basis of the commissioner's decision and to determine whether the plaintiffs were aggrieved.  See *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission*, 161 Conn. 50, 56–57, 282 A.2d 890.  The court concluded that the plaintiffs were not aggrieved and dismissed the appeal.  From the judgment rendered the plaintiffs have appealed to this court, assigning error in the facts found; in the refusal to find material facts claimed to be admitted or undisputed; in the rulings on evidence; in the conclusions reached; and in the overruling of the plaintiffs' claims of law.

Since the plaintiffs have failed to brief the claimed error that facts were found without evidence, it is considered abandoned.  *Pappas* v. *Pappas*, 164 Conn. 242, 243, 320 A.2d 809.  The failure to brief the claimed error in rulings on evidence merits the same disposition.  *Schwartz* v. *Hamden*, 168 Conn. 8, 20, 357 A.2d 488.  The remaining assignments of error which are relevant to the issues will be considered in the body of this opinion.

The plaintiffs appealed pursuant to the provisions of § 25-17 of the General Statutes. By the terms of that statute, only those "aggrieved by any order, authorization or decision of the commissioner" may appeal to the Superior Court. "Unless aggrievement is established, there is no right of appeal pursuant to § 25-17. . . . Aggrievement requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter as distinguished from a general interest. *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396. To be aggrieved within the meaning of § 25-17 requires that property rights be adversely affected by an 'order, authorization or decision' of the commission[er]." *Sea Beach Assn., Inc.* v. *Water Resources Commission,* 164 Conn. 90, 93–94, 318 A.2d 115.

The plaintiffs Anderson and Bullard are the owners of property abutting the defendant Greene's property on the north and south respectively. Sachem's Head Harbor lies to the west of those properties. The length of the proposed seawall is 220 feet, extending some 50 feet into Sachem's Head Harbor from the upland portion of the Greene property. Anderson and Bullard alleged that they were aggrieved by the issuance of the permit because the value of their land would be depreciated by the erection of the seawall. Anderson further claimed that the proposed seawall would interfere with the use of an existing dock extending into the harbor from her land.

As noted, the trial court heard evidence on the issue of aggrievement of Anderson and Bullard and concluded that they had not made the requisite showing that their property rights were adversely

affected. That conclusion is supported by the court's findings that the permit issued provides that the permittee must comply with any and all public and private rights relative to the subject property; that the contemplated seawall would not interfere with navigation in the area; and that the seawall would not interfere with the use of the abutting properties.

The plaintiffs argue that the court erred in not finding facts based on the "undisputed" testimony of a real estate developer and broker that the value of the Anderson and Bullard properties would depreciate by 10 to 15 percent if the seawall were built. The trial court, however, rejected that testimony as speculative and of little weight. It found that the witness was not a real estate appraiser; that he had never visited the Anderson property for the purpose of making an evaluation; and that he had not prepared any report of his purported appraisal. "To secure an addition to the finding, an appellant must point to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. Practice Book § 628 (a); *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; Maltbie, Conn. App. Proc. § 158." *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274. "That a witness testified to a fact without direct contradiction is not of itself sufficient; the trial court must be the judge of the credit to be given to a witness." Practice Book § 628 (a); see *McLaughlin* v. *Chicken Delight, Inc.,* 164 Conn. 317, 319, 321 A.2d 456. Because there was no credible showing that the property rights of Anderson and Bullard were adversely affected, the trial court did not err in concluding that they were not aggrieved.

Sachem's Head Association claimed that it was aggrieved by the issuance of the permit because it had not received the required notice of Greene's permit application as provided by § 25-7d of the General Statutes. That section requires the commissioner to give written notice of any permit application to erect a structure in the tidal, coastal or navigable waters of the state to the chief executive officer and the chairman of the planning and zoning commission of the town where the structure is to be located. Notice of the application in this case was sent to the chief executive officer and the chairman of the planning and zoning commission of the town of Guilford. No notice was sent to the plaintiff, Sachem's Head Association, which by special legislation is a municipal corporation having exclusive zoning jurisdiction within its territorial limits. See *Sachem's Head Property Owners' Assn.* v. *Guilford,* 112 Conn. 515, 517–18, 152 A. 877. At the time of the application, the first selectman of the town of Guilford was H. Milton Bullard, Jr., a coplaintiff in this appeal. Upon receipt of the commissioner's notice, Bullard forwarded it to the chief executive officer of the plaintiff association. The executive board of the association then met to discuss the application and on June 17, 1970, wrote the water resources commission voicing its objections. Both the chief executive officer and the zoning chairman of the association had actual notice of the application prior to the issuance of the permit.

Notwithstanding that notice, the association contends that because the required statutory notice was not given to its chief executive officer and chairman of the planning and zoning commission, jurisdiction to issue the permit was lacking. "The fundamental reason for the requirement of notice is to

advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542; *Winslow* v. *Zoning Board,* 143 Conn. 381, 389, 122 A.2d 789. Lack of personal notice may be waived by the party entitled to it. *Palo* v. *Rogers,* 116 Conn. 601, 605, 165 A. 803; *Manners* v. *Waterbury,* 86 Conn. 573, 578, 86 A. 14. Under the facts of this case, the failure of the commissioner to notify the association directly by mail did not render his action void. See *Schwartz* v. *Hamden,* 168 Conn. 8, 15, 357 A.2d 488. The trial court correctly concluded that the association had actual notice of the application and that it was not prejudiced by the failure of the commissioner to give it direct personal notice.

The association also alleged that it was aggrieved because it had exclusive zoning jurisdiction of the subject area and that, because of the issuance of the permit, its zoning ordinances were violated and the health, comfort, protection and convenience of persons living there were ignored. No showing, however, was made of what specific ordinances had been violated, or how the health, comfort, protection and convenience of the people were ignored. Moreover, the issuance of the permit was subject to all local laws or regulations relative to the subject property.

The trial court's conclusion that the association was not aggrieved cannot be disturbed.

There is no error.

In this opinion the other judges concurred.