THE CRESCENT BEACH ASSOCIATION *v.* TOWN OF EAST LYME

LOISELLE, BOGDANSKI, LONGO, BARBER and MACDONALD, Js.

Argued November 13, 1975—decision released January 6, 1976

*Donald O'Brien,* for the appellant (plaintiff).
*Thomas F. McGarry,* for the appellee (defendant).

MacDonald, J. The plaintiff, a specially chartered municipal corporation owning several tracts of land which are located in the defendant town and which consist primarily of the beach area known as Crescent Beach, brought an action in two counts against the town under § 12-119 of the General Statutes, claiming the property to have been wrongfully assessed on the town's grand lists of 1971 and 1972.[1] Section 12-119 provides for an appeal of

[1] Although the substituted complaint refers only to the grand lists of 1971 and 1972, the parties stipulated that determination should be made also with respect to the grand list of 1973, and the court's memorandum of opinion and the judgment cover the three years 1971, 1972 and 1973. It also should be pointed out that the

this nature to the Court of Common Pleas "[w]hen it is claimed that a tax has been laid on property not taxable in the town . . . in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive . . . ."[2]

The primary relief sought by the plaintiff was a determination by the court that the taxes levied against the plaintiff on the property in question for each year involved were illegal and void on the ground that "[s]aid premises were owned by plaintiff as a municipal corporation on said date and are and were used for a public purpose on the date of said assessment and during the taxable year and were then exempt and continue to be exempt

first count is concerned solely with the 1971 taxes and the second count with the 1972 taxes and that the prayers for relief covering both years request, first, the enjoining of the collection of the taxes as illegal and void or, second, in the alternative, the reduction of the assessments as excessive. The court's memorandum of opinion and the judgment apparently inadvertently refer to the first count as pertaining to the first prayer for relief, and the second count to the second or alternative prayer for relief. We have considered only the first prayer for relief with respect to both counts and also, by stipulation, with respect to the year 1973. The issue raised by the second or alternative prayer for relief, i.e., the reduction of the assessments as excessive, was continued by the trial court for further hearing and is not raised in this appeal.

[2] General Statutes, section 12-119, "Remedy when property wrongfully assessed," provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the court of common pleas of the county in which such town or city is situated."

from taxation in the Town of East Lyme." The basis of this claim for exemption is § 12-81 (4) of the General Statutes, which provides for exemption from taxation of "property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose . . . ." It was conceded that the plaintiff is a specially chartered municipal association located in the town of East Lyme and that it owns the land which is the subject of this action. Both the plaintiff and the defendant filed motions for summary judgment supported by affidavits, stipulating that no question of fact was involved and that the only issue was one of law. The *Hon. Joseph E. Klau,* state referee, to whom the matter previously had been referred upon motion of the plaintiff for reference, acting as the court, granted the defendant's motion for summary judgment on April 2, 1974, and thereafter, on April 8, 1974, the plaintiff filed an "Application for Hearing as to the Judgment."

The principal issue to be determined is whether the court erred in rendering judgment that the tracts of land described in the complaint were not exempt from property tax for the years 1971, 1972 and 1973 under the provisions of § 12-81 (4) as property owned by a municipality and used for a public purpose. "If the plaintiff's properties are not devoted to a public use, they are not exempt from taxation, even though it is admitted that the plaintiff is a municipal corporation. Devotion to a public use is the ground for such an exemption. *Hamden* v. *New Haven,* 91 Conn. 589, 592, 101 A. 11. The phrase in the statute 'used for a public purpose' means a use open to the public, generally, as distinguished from a use available only to a restricted group of privileged individuals. *Central*

*Veterans' Assn.* v. *Stamford,* 140 Conn. 451, 456, 101 A.2d 281. Instead of attempting judicially to define what constitutes a public use as distinguished from a private purpose, courts usually have left each case to be determined upon its own peculiar facts." *Laurel Beach Assn.* v. *Milford,* 148 Conn. 233, 235–36, 169 A.2d 748.

The "peculiar facts" of the instant case were presented to the court in the form of affidavits submitted by the parties in support of their respective motions for summary judgment. Those submitted by the plaintiff indicated that no restrictions had been imposed in the use of the beach property by anyone who came upon it, which, on the surface, would appear to indicate an unrestricted use by the unorganized public, and thus use "for a public purpose." The deeds accompanying the plaintiff's affidavits, however, contained references to easement rights to the beach granted by the plaintiff's predecessors in title to various individuals who previously had purchased lots within the boundaries of the subject property, as did also the affidavit and deeds submitted by the defendant. The release or quitclaim of these rights to the plaintiff by its immediate predecessor in title cannot affect the claims of prior grantees of such rights, and owners of property within the territorial limits of the plaintiff association have an equitable right to prevent obstruction or interference with their enjoyment of such easements. See *Waterbury Trust Co.* v. *G.L.D. Realty Co.,* 121 Conn. 50, 54, 182 A. 466, where this court stated: "The appropriate recourse of the owner of an easement against obstruction of or interference with its use and enjoyment is not to ejectment but to equity." Although it does not appear that the original grantees of the ease-

ments have come forward to assert their rights, they still have recourse to equitable action for interference with such rights if these tracts of land are declared to be devoted to a public use and if a resulting increase of users is claimed to interfere with the rights of the owners of the dominant estates.

"Dedication is an appropriation of land to some public use, *made by the owner of the fee,* and accepted for such use by and in behalf of the public." (Emphasis added.) *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241. The original grantees of the easements with which we are concerned do not have to exercise their recorded rights in order to preserve them and they individually, as distinguished from the plaintiff association, have not performed any acts of dedication of such rights to the public use. "It is a settled rule of law that statutes which exempt from taxation are to be strictly construed against the party claiming an exemption." *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147, 256 A.2d 234. The court correctly held that the tracts of land in question cannot legally be "used for a public purpose" and thus be entitled to tax exemption pursuant to § 12-81 (4) of the General Statutes.

The secondary issues raised concern claimed error by the court in rendering summary judgment without a hearing and in failing to grant a hearing on the plaintiff's written motion for such hearing after entry of the judgment. By way of background for consideration of these procedural issues, it should be pointed out that the record and transcript disclose that the plaintiff filed a motion for reference to a state referee on May 21, 1973, and its

motion for summary judgment more than six months thereafter on December 12, 1973, which was the first of three days which the state referee, acting as the court, had set aside for a hearing on the issues; that the plaintiff, neither at that time nor thereafter when the defendant filed its motion for summary judgment, moved for revocation of the reference and for a hearing at a short calendar session, or requested a reservation for a further hearing before the state referee; that the plaintiff, at no time prior to the entry of judgment, withdrew its motion for summary judgment and requested a trial; that the plaintiff at no time filed counter-affidavits or other documentary evidence in opposition to the defendant's motion for summary judgment. The plaintiff failed to follow the procedures available under the provisions of Practice Book § 299[3] and we cannot find that the court erred in rendering summary judgment without a hearing or in failing to grant the plaintiff's motion for a hearing after the entry of judgment.

There is no error.

In this opinion the other judges concurred.

---

[3] Section 299 of the Practice Book, entitled "Proceedings upon Motion," provides: "A motion for summary judgment shall be supported by affidavits and by other available documentary proof, such as disclosures, written admissions and the like. The motion shall be heard at a short calendar session to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the court otherwise directs. The adverse party prior to the day of hearing shall file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."