TOWN OF OXFORD *v.* TOWN OF BEACON FALLS

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 4—decision released March 17, 1981

*Joseph A. Mengacci,* for the appellant (defendant).

*Eugene A. Skowronski,* for the appellee (plaintiff).

BOGDANSKI, J. The issue presented in this appeal is whether General Statutes § 12-81 (4) exempts from taxation real property which the defendant, town of Beacon Falls, owns and uses as a park from which residents of the plaintiff, town of Oxford, in which the park is located, and other members of the general public are excluded. From a judgment rendered for the plaintiff, the defendant has appealed.

Section 12-81 of the General Statutes exempts from taxation: "(4) . . . . property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose." A statutory provision granting an exemption from a tax is to be strictly construed against the party claiming the exemption. *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147, 256 A.2d 234 (1969). This case requires us to construe the phrase "used for a public purpose."

In deciding whether a use suffices in amount and character to satisfy the requirements of the statute, courts must weigh all the circumstances of the use. *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 30, 47 A.2d 849 (1946). Thus, because the defendant uses the property in question as a park, it cannot rely on *North Haven* v. *Wallingford,* 95 Conn. 544, 111 A. 904 (1920), and *Hamden* v. *New Haven,* 91 Conn. 589, 101 A. 11 (1917), cases which remain unquestioned and which held that a power plant and a poorhouse, respectively, were public uses. Such uses required greater restrictions on access than

parks. In addition, the legislature authorized the uses of the specific extraterritorial property by the municipalities in each of those cases.

In a case involving property used for recreational facilities, this court stated that "[t]he phrase in the statute 'used for a public purpose' means a use open to the public, generally, as distinguished from a use available only to a restricted group of privileged individuals. . . . The general test of a public use is the right of the public to receive and enjoy the benefit of the use." *Laurel Beach Assn.* v. *Milford,* 148 Conn. 233, 235–36, 169 A.2d 748 (1961) ; see also *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 69, 363 A.2d 1045 (1976). "A public beach is one . . . open to the common use of the public, and which the unorganized public and each of its members have a right to use." *Dawson* v. *Orange,* 78 Conn. 96, 119, 61 A. 101 (1905). "[A] park . . . is a piece of ground . . . for ornament . . . recreation and amusement . . . primarily for the benefit of the inhabitants of the municipality in which it exists; *Hannon* v. *Waterbury,* 106 Conn. 13, 16, 136 A. 876 [1927] ; but it is also for the use of the general public. *Hartford* v. *Maslen,* 76 Conn. 599, 611, 57 A. 740 [1904] ; *Winchester* v. *Cox,* 129 Conn. 106, 110, 26 A.2d 592 [1942]." *Fenwick* v. *Old Saybrook,* supra, 29–30. These decisions lead us to conclude that when the inhabitants of the municipality in which a park exists are excluded, the park is not "used for a public purpose" within the meaning of the tax exemption.[1]

---

[1] See *People ex rel. Lawless* v. *City of Quincy,* 395 Ill. 190, 200, 69 N.E.2d 892 (1946), where the court, in deciding that an airport was a public use, deduced the following rules as to what constitutes a use for public purposes within the meaning of its tax exemption statutes: "First, if the property is located within the limits of the municipal corporation, and is devoted to the use of the public as

We thus conclude that the trial court correctly decided that the defendant's property was not "used for a public purpose" within the meaning of General Statutes § 12-81 (4).

There is no error.

In this opinion the other judges concurred.

represented by the residents of that area, it is being used for public purposes; Second, if the property is located outside the limits of the municipal corporation, it can only be considered as being used for public purposes when it is open on equal terms to use by the public generally, rather than being limited in its use to the inhabitants of the municipal corporation which owns the property."