## SACHEM'S HEAD ASSOCIATION *v.* BOARD OF TAX REVIEW OF THE TOWN OF GUILFORD (11020)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued May 4—decision released July 12, 1983

*R. William Bohonnon,* with whom were *David M. Bohonnon* and, on the brief, *Kenneth W. Bohonnon,* for the plaintiff.

*Richard J. Beatty,* with whom, on the brief, was *Thomas E. Crosby,* for the defendant.

PARSKEY, J. The issue presented on this reservation[1] is whether General Statutes § 12-81 (4) exempts from taxation five parcels of land owned by the plaintiff association (association) and used for park and recrea-

---

[1] "The questions upon which advice is desired are as follows:

"A. Is the real property located within the limits of the Sachem's Head Association, which is open to the inhabitants of the Sachem's Head Association and their guests as a public beach, park, and playground area, but which

tional purposes. The following facts have been stipulated: The association was incorporated in 1921 by special act of the General Assembly as a body politic and corporate. Its territorial limits are embraced entirely within those of the town of Guilford. The association is constituted of all proprietors of real estate within and all duly registered electors of the town of Guilford residing within its territorial limits. Under the terms of various special acts the association possesses the powers to issue bonds, adopt a budget, levy taxes, condemn land for certain purposes, establish zoning regulations, issue building permits, enact ordinances and perform other acts of self government. The five parcels of land which are the subject matter of this reservation consist of a bathing beach, park, playground, parking area and an access roadway. All of the parcels are open without restriction to members of the association, persons residing within the territorial limits of the association, and their guests, but are not open to other residents of the town of Guilford.

Section 12-81 of the General Statutes exempts from taxation: "(4) . . . property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose." The association is a specially chartered municipal corporation; *Sachem's Head Assn.* v. *Lufkin,* 168 Conn. 365, 369, 362 A.2d 519 (1975); *Sachem's Head Property Owners' Assn.* v. *Guilford,* 112 Conn. 515, 517–18, 152 A. 877 (1931); but that status, without more, is not sufficient to render its corporate property exempt from taxation under the statute unless

is not open to other residents of the Town of Guilford being used for public purposes of the municipal corporation known as the Sachem's Head Association?

"B. If the answer to the above question is in the affirmative, is such use such as exempts the real property of the municipal corporation known as the Sachem's Head Association from taxation by the Town of Guilford, pursuant to General Statute 12-81 (4)?"

that property is also devoted to a public use. *Laurel Beach Assn.* v. *Milford,* 148 Conn. 233, 235, 169 A.2d 748 (1961).

In deciding whether a use suffices in amount and character to qualify for exemption under the statute, courts must weigh all of the circumstances of the use; *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 30, 47 A.2d 849 (1946); guided always by the general rule of construction in taxation cases that provisions granting an exemption from a tax are to be construed strictly against the party claiming the exemption. *Oxford* v. *Beacon Falls,* 183 Conn. 345, 346, 439 A.2d 348 (1981).

As applied to recreational facilities, such as parks and beaches, we have stated that "[t]he phrase in the statute 'used for a public purpose' means a use open to the public, generally, as distinguished from a use available only to a restricted group of privileged individuals." *Laurel Beach Assn.* v. *Milford,* supra. Because the subject property is used by the plaintiff as a recreational facility, cases involving the tax exemption of structures or facilities which by their very nature require restricted access, such as *Sachem's Head Property Owners' Assn.* v. *Guilford,* supra (water mains), *North Haven* v. *Wallingford,* 95 Conn. 544, 111 A. 904 (1920) (power plant), and *Hamden* v. *New Haven,* 91 Conn. 589, 101 A. 11 (1917) (poorhouse), are of little assistance to our inquiry. *Oxford* v. *Beacon Falls,* supra, 346–47. The plaintiff argues, however, that it is entitled to a tax exemption because its recreational facilities are open to all persons residing within the territorial limits of the association, whether members or nonmembers. Although use of the facilities by such residents may be regarded as a public use to some extent; *Fenwick* v. *Old Saybrook,* supra; such incidental use is insufficient to constitute a public use within the meaning of the statute. The group of privileged in-

dividuals is not changed in character merely because it is sprinkled with a few members of the unorganized public. The town and the association are not two insular municipalities attached by a causeway of community interest. They are, instead, so intertwined that the association is but a municipal enclave within the town proper. The recreational facilities in question are situated not only within the territorial limits of the association but they are also situated within the territorial limits of the town of Guilford. Not only is the association embraced within the territorial limits of the town but the town retains and exercises certain governmental functions in the same territory.[2] *Sachem's Head Property Owners' Assn.* v. *Guilford,* supra, 518. In these circumstances, the association was not free to pick and choose those inhabitants of the town to whom it would afford access to its recreational facilities. We therefore conclude that when the inhabitants of a municipality in which a park or other similar recreational facility exists are excluded, the park or facility is not "used for a public purpose" within the meaning of the tax exemption. *Oxford* v. *Beacon Falls,* supra, 347.

The Superior Court is advised that our answer to the first question is "Yes" and that our answer to the second question is "No."

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.

---

[2] At oral argument the association conceded that it still receives services from the town of Guilford.