[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
The issue presented is whether defendant Michele Licursi's motion for summary judgment (#127) should be granted on the ground that there is no genuine issue as to any material fact in this negligence action.
Based on the following analysis, Michele Licursi's motion for summary judgment is denied.
This motion for summary judgment arises out of a negligence action brought by plaintiff Marjorie S. Sockol against defendants Domenico A. Danielle and Michele Licursi. In count one of the two count complaint, plaintiff alleges that as a result of the negligent and careless way in which Domenico A. Danielle operated hie motor vehicle the plaintiff was injured. In count two plaintiff alleges that on or about August 1, 1986, at approximately 4:54 plaintiff was operating a motor vehicle traveling north in the left lane on Strawberry Hill Avenue, Stamford, Connecticut: that Michele Licursi was operating a motor vehicle traveling north in the right lane on Strawberry Hill Avenue and that Michele Licursi stopped at the corner of the intersection of Holcomb Street; that Domenico A. Danielle was operating his motor vehicle in a westerly direction on Holcomb Street approaching the intersection of Holcomb Street and Strawberry Hill Avenue that as Michele Licursi waited at the intersection "defendant Michele Licursi gestured to the defendant Domenico A. Daniele [sic] that he was clear to proceed onto Strawberry Hill Avenue;" that as a result of Michele Licursi's gesture, Domenico A. Danielle drove his vehicle into the intersection and collided with plaintiff's vehicle causing bodily injury to plaintiff; that plaintiff's injuries were caused by Michele Licursi's negligence when she motioned to Domenico A. Danielle.
Michele Licursi moves for summary judgment in her behalf on plaintiff's count two on the ground that there is no genuine issue as to any material fact concerning liability and that she is entitled to judgment as a matter of law. In support of her motion defendant has filed a memorandum and affidavit. Plaintiff has filed a memorandum, affidavit and exhibits in opposition.
The pleadings are closed between the parties as evidenced CT Page 6997 by defendant Licursi's Amended Answer and Special Defense dated May 25, 1990 and plaintiff's Reply to Defendant Licursi's Special Defense dated February 20, 1991.
 Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (citations omitted). . . `The movant has the burden of showing the non existence of such issues. . . .'
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79
(1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.'" Hammer, 214 Conn. 579. "`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty, 193 Conn. at 446.
Defendant Michele Licursi moves for summary judgment in I her favor on count two of plaintiff's complaint on the ground that there is no genuine issue of material fact concerning liability. Michele Licursi argues that she is not liable for negligence because she did not owe a duty of care to plaintiff and her actions were not a cause in fact nor a proximate cause of plaintiff's injuries.
 "The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982).
Calderwood v. Bender, 189 Conn. 580, 584 (1983). Michele Licursi's affidavit and memorandum provide an insufficient basis for summary judgment because these documents do not resolve the mixed question of fact and law of whether Michele Licursi met the requisite standard of care when she gestured to defendant Domenico Danielle before the collision in which plaintiff was injured. CT Page 6998
Michele Licursi's second argument is that she is not liable for negligence because her actions were not the legal cause of plaintiff's injuries.
 To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct "legally caused" the injuries. (citations omitted) `. . . The first component of "legal cause" is "causation in fact". . . . The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct.'
Doe v. Manheimer, 212 Conn. 748, 757 (1989). Based on this standard of care, there is a genuine issue of material fact in the instant case as to whether defendant Domenico Danielle would have proceeded, but for, defendant Michele Licursi's gesture.
 The second component of "legal cause" is proximate cause, which [has been] defined as `[a]n actual cause that is a substantial factor in the resulting harm. . . . (citations omitted). . .
Id. "Proximate cause is ordinarily a question of fact." Coburn v. Lenox Homes, Inc., 168 Conn. 370 (1982). Michele Licursi has failed to show that her gesture was not a substantial factor in the resulting harm. In the instant action there is a genuine issue of material fact as to whether Michele Licursi's hand gesture was a proximate cause of the accident.
In conclusion, Michele Licuri has failed to demonstrate that she is entitled to judgment as a matter of law. There are genuine issues of material fact as to whether Michele Licursi's conduct met the requisite standard of care and whether her actions were a cause in fact or a proximate cause of the accident. Accordingly, defendant Michele Licursi's motion for summary judgment is denied.
CLARINE NARDI RIDDLE, J.