[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action is Linda Philipcik, a teacher for learning impaired children of pre-school age, who is employed by CT Page 6500 Cooperative Education Services of Fairfield, Connecticut. The plaintiff brings this action against the defendant, Toni Richardson, Commissioner of Mental Retardation, pursuant to General Statutes 19a-24, which authorizes claims for damages exceeding $1500 based on any official act or omission of the commissioner or her staff.
The plaintiff alleges that on December 7, 1989, she went to the Ella Grasso Center pool in Stratford to use the swimming pool, and that upon entering the pool area she was exposed to noxious fumes which caused her to sustain serious injuries and damages. The amended complaint is in three counts and alleges negligence, nuisance, and reckless and wanton misconduct respectively against the defendant. The defendant's answer contains a special defense of immunity to liability pursuant to General Statutes 52-557g, the "recreational use statute."[1] The defendant claims that the plaintiff's allegations of wanton and reckless behavior of the third count are insufficient to meet the exception to the recreational use statute contained in 52-557h, which is triggered only by the owner's wilful or malicious failure to warn against danger.[2]
The defendant has moved for summary judgment (#111), claiming that all three counts of the action are barred by General Statutes 52-557g. Pursuant to Practice Book 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,780-81, 595 A.2d 334, 338 (1991).
The criteria for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, 600 A.2d 1040, (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the movant; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts.
In support of her motion for summary judgment, the defendant filed affidavits by Linda Underwood, Regional Director of the Department of Mental Retardation's Region Four; Eleanor Fedell, Manager of Volunteer Services at the Department of Mental Retardation's Region Four, Ella Grasso Center; and Wayne Colbree, Rehabilitation Therapy Supervisor. The affidavits make the following points: (1) the Ella Grasso Center CT Page 6501 pool, located in Stratford, has been owned, operated, and maintained by the State of Connecticut since its dedication in 1985, and has been utilized free of charge by both organizations and individuals with handicaps of any kind, and by their families and friends; (2) on the day that the plaintiff came to the pool in the company of several special needs children, a pool employee had inadvertently mixed chlorine in a bottle containing muriatic acid, and immediately carried the mixture out of doors and ventilated the pool area for fifteen minutes.
The defendant contends that the plaintiff's action for negligence and nuisance in counts one and two respectively is barred by General Statutes 52-557g which limits the liability of landowners who open their land for public recreational use without charge. In Genco v. Connecticut Light and Power Co., 7 Conn. App. 164, 168-69,508 A.2d 58 (1986), the court found that the clear purpose of 52-557g was an attempt to satisfy the public's need for recreational and open space by encouraging private land owners to open their land to public use by limiting their liability. In Manning v. Barenz, 221 Conn. 256, 258-60,603 A.2d 399 (1992), the Supreme Court held that a governmental entity is an "owner" within the meaning of the statute.
The defendant further claims that the Ella Grasso swimming pool is available to the public within the meaning of 52-557g. The word "public" is not expressly defined in the definitions section of the statute,52-557f, and is not expressly addressed in the legislative history. The defendant asserts that a reasonable and rational interpretation of the word public is a large number of persons who are not privately organized and have a nonexclusive relationship to each other, and that public does not mean each and every person in the state of Connecticut. The Ella Grasso Center pool is open to any disabled or handicapped person, as well as his or her friends or family.
In opposition to the defendant's motion for summary judgment, the plaintiff submitted her affidavit in which she stated that the pool is open for therapeutic swimming only when a person has a note from a doctor, or is accompanying a handicapped or disabled person. The plaintiff asserts that the defendant cannot plead a special defense of immunity from liability under 52-557g because one of the requirements for this special defense, that the land must be available to the public, is not met.
Both the plaintiff and defendant have noted that the case law has not previously dealt with the definition of the term "public." In eminent domain and tax cases, the term "public" has been used descriptively to describe use and purpose. In Sachem's Head Association CT Page 6502 v. Board of Tax Review, 190 Conn. 627, 629, 461 A.2d 995 (1983), the Supreme Court found that a public purpose must be distinguished from a private purpose by the facts of each case.
There does not appear to be any case law defining "available to the public" in the context of the recreational use immunity statute.[3]
There is a dispute of material fact concerning the definition of the term "public" in 52-557. Based on Black's Law Dictionary 1104 (5th ed. 1979), the defendant contends "the word public does not mean, all the people, but so many of them as contradistinguishes them from a few." On the other hand, the plaintiff, using Black's Law Dictionary, 1393 (4th ed. 1968) as authority, states "public cannot be construed as contradistinguishing people by personal characteristics, physical traits or physical handicaps, but that the term contradistinguish refers only to people as inhabitants of a particular place."
The party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with evidence disclosing the existence of such issue. Wadia Enterprises, Inc. v. Hirschfield, 27 Conn. App. 162, 166, 604 A.2d 1339
(1992). The evidence must be viewed in the light most favorable to the nonmovant. Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
The affidavit submitted by the plaintiff, Philipcik, says that she was injured when, she entered the Ella Grasso swimming pool, and that this pool is not open to the general public because the pool is available for therapeutic swimming only when an individual has a note from a doctor, or is accompanying a handicapped or disabled person. The plaintiff claims that summary judgment should not be granted for the reason that the defendant does not have immunity from liability under General Statutes 52-557 because the swimming pool is not available to the general public. There is a genuine issue of material fact which remains unresolved, which is the interpretation of the term "public" in52-557g. Thus, summary judgment is contraindicated.
The plaintiff's second objection to the granting of summary judgment is that the recreational use statute does not apply to indoor activities as a matter of law. In support of this statement the plaintiff cites another jurisdiction with a nearly identical recreational use statute, where the court found that the Recreation Use Act did not apply to an indoor pool. Rivera v. Philadelphia Theological Seminary, 510 Pa. 1, 26,507 A.2d 1 (1986). That case involved a wrongful death action where a child drowned in a pool with no lifeguard present. The defendant was denied immunity from liability under Pennsylvania's Recreation Use statute. The dissent stated that the Act nowhere expressly states that CT Page 6503 the recreational use must occur outdoors, and an attempt to create an artificial exclusion to limit the liability of owners of indoor recreational uses undercuts the legislative purpose. Id., 30-32.
The definition of "recreational purpose" found in General Statutes52-557f(4) states that it "includes, but is not limited to, any of the following . . ."[4] The Supreme Court in Manning v. Barenz, supra, 263-64, held that while children's play at a park is not one of the enumerated "recreational purposes" of 52-557f(4), the statute clearly states that "recreational purpose" includes but is not limited to the list. "It is evident that the enumerated activities set forth in the statute are not exclusive." The plaintiff has not produced authority to support her proposition concerning outdoor use based on Connecticut case law, and the case law in Pennsylvania is, of course, not conclusive on this issue. I agree with the defendant that our recreational use statute is not limited to outdoor use.
Because public use, however, should be decided on a case by case basis, and because there is no statutory definition of "public" in52-557f, a genuine issue of material fact exists on this issue, and the defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of July, 1993.
William B. Lewis, Judge